**John BABIGIAN, Plaintiff,**

v.

**William H. REHNQUIST, Chief Justice of the United States, et al. Defendants.**

Civ. A. No. 94–2246.

United States District Court, District of Columbia.

Oct. 13, 1995.

John Babigian, New York City, Pro Se.

Roderick Lynn Thomas, U.S. Attorney's Office, Washington, DC, for William H. Rehnquist, The Judicial Conference of the United States, Stephen G. Breyer, Abner J. Mikva, Jon O. Newman, Delores K. Sloviter, Sam J. Ervin, III, Henry A. Politz, Gilbert S. Merritt, Richard A. Posner, Richard A. Arnold, J. Clifford Wallace, Gerald B. Tjoflat, Helen Nies, Jo Ann Harris, John C. Kenney, John M. Cannella, Ralph Winter, J. Daniel Mahoney, John M. Walker, Jr., Amalya L. Kearse, Thomas J. Meskill, J. Edward Lombard, James L. Oakes, Cynthia Rapp.

Richard Louis Brusca, Skadden, Arps, Slate, Meagher & Flom, Washington, DC, for Skadden, Arps, Slate, Meagher & Flom,

Thomas Schwarz, Jay S. Berke, Rosalie B. Shields.

Loren Kieve, Debevoise & Plimpton, Washington, DC, for The Association of the Bar of the City of New York, John Bonomi, Eleanor Piel, Nervous Nellie Doe, Horny Helen Doe, Stanley Arkin, William Hellerstein, Robert McGuire, Patrick Wall, Martin Fogelman, Powel Pierpont, Nina Rao Cameron, Adlai Hardin, Jr., Richard W. Wallach, Stephen Kaye, Jeffrey K. Brinck, Seth Rosner.

Carolyn Cairns Olson, Attorney General of the State of New York, New York City, for Francis T. Murphy, Michael Gentile, Hal Lieberman, Halibuton Fales, 2D, Harold J. Reynolds, Joseph W. Bellacosa, Peter Durfee.

Barry Richard, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Tallahassee, FL, for The Florida Bar, Barry Richard, Norman Faulkner, E. Earle Zehmer.

David Paul Murray, Willkie, Farr & Gallagher, Washington, DC, for Mario Cuomo.

## MEMORANDUM OPINION

SPORKIN, District Judge.

■ On September 7 1995, this Court issued a Memorandum Opinion dismissing the above-captioned matter. The Plaintiff, a licensed attorney appearing *pro se* sued the Chief Justice of the United States, and approximately sixty other individuals. In filing the complaint, the Plaintiff ignored the most basic principles of jurisdiction, immunity, and collateral estoppel. The claims that were the subject of the complaint had already been raised in several different judicial proceedings.

For the reasons stated in this Court's Memorandum Opinion, the Court found that the Plaintiff had filed a frivolous law suit. In essence, Plaintiff was attempting to retry claims in this forum that had already been unsuccessfully litigated in numerous earlier proceedings before other Courts. As part of the Order dismissing the claims in this action, the Court issued an Order to Show Cause as to why monetary sanctions should not be imposed against the Plaintiff, and to show cause as to why he should not be enjoined from bringing any further claims or lawsuits related to this action, without the prior express permission of this Court.[1]

■ Pursuant to Federal Rule of Civil Procedure 11, this Court has the authority to impose sanction for the filing of frivolous lawsuits. A Court may find an argument "frivolous if a competent attorney would view the argument as unreasonable" *Cousin v. District of Columbia,* 142 F.R.D. 574, 577 (D.D.C.1992).

On October 3, 1995, the Court held a hearing on this issue. At the hearing the Plaintiff appeared *pro se.* The Defendant New York State Bar Association, Defendant Skadden, Arps, Slate Meagher & Flom ("Skadden") and the Government were all present and represented by Counsel.

Defendants New York State Bar Association and Skadden have each submitted affidavits regarding their costs in defending this litigation. The cost of defending this lawsuit at regular billing rates would have been in excess of $50,000 for the Skadden Defendants. (Affidavit of Richard L. Brusca ¶ 8). Counsel for the New York Bar Association has expended in excess of 110 hours of time defending this action, (Affidavit of Loren Kieve ¶ 9) and represented at the hearing that, at regular billing rates, Counsel's fees and costs would have exceeded $50,000. While the Government took no position on the issue of sanctions, it indicated that it had spent over a week of lawyer time in responding to the Plaintiff's Complaint.

Plaintiff denied that the action was frivolous. He refused to provide this Court with assurances that he would end this litigation. He indicated that in all likelihood he would seek to continue to litigate the same claims. In short, Plaintiff was unrepentant and unremorseful and gave every indication that he would continue to file frivolous, resource-wasting law suits.

---

1. "On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm or party to show cause why it has not violated subdivision (b) ..." Fed.R.Civ.P. 11(c)(1)(B).

Plaintiff as an attorney knows that the resources of the Federal Courts are already stretched to their limits. His campaign of meritless serial litigation must be brought to a conclusion. Indeed, the Plaintiff had been expressly alerted by the Judges of the U.S. Court of Appeals for the Second Circuit that continued attempts to relitigate these claims in that court would result in imposition of sanctions.[2]

Because the complaint in this matter was baseless and given Plaintiff's express intent to continue to pursue this litigation, this Court believe sanctions against the Plaintiff are in order. Two of the Defendants, Skadden and the New York State Bar Association have provided this Court with sufficient proof of their costs and have shown admirable restraint in limiting the monetary sanctions that they seek to a fraction of the actual costs they have incurred. Therefor, this Court will Order monetary sanctions against the Plaintiff in the amount of $20,000—$10,000 will be awarded to the New York State Bar Association and $10,000 will be awarded to the Skadden Defendants. Plaintiff will be enjoined from bringing any new claims or lawsuits related to this action, in any Court, without the prior express permission of this Court. An Order follows this Memorandum Opinion

### ORDER

Upon consideration of the parties pleadings in the above-captioned case, and after a hearing on this matter pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure, the Court hereby

**ORDERS** that monetary sanctions in the amount of $10,000 be imposed against the Plaintiff on behalf of the Defendant New York State Bar Association; and it is

**FURTHER ORDERED** that monetary sanctions in the amount of 10,000 be imposed

against Plaintiff on behalf of the Skadden Defendants; and it is

**FURTHER ORDERED** that because the complaint in this matter was baseless and given Plaintiff's express intent to continue to pursue this litigation, Plaintiff will be enjoined from bringing any further new claims or lawsuits related to this action, without the prior express permission of this Court. This injunction is binding upon the Plaintiff, his agents, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

It is so **ORDERED.**

2. "We observe that Babigian is an attorney and that he has now been fully put on notice of any intricacies in Rule 60(b). He continues to ignore the legal standards governing relief under that rule. Because none of the appellees present at oral argument requested sanctions we will not impose them at this time. We hold, however, that any further prosecution of appellant claims would be both frivolous and futile and would

waste the time and resources of the Court and appellees. Therefore, appellant should understand that any further attempts to prosecute this claim or related claims in this Court may result in an order to pay double costs, attorney's fees and any other sanctions deemed to be appropriate at the time." *Babigian v. The Association of the Bar of the City of New York, et al.,* 990 F.2d 623 (2d Cir.1993).