(October 25, 1996)

■ In the Matter of NORMAN J. MORDKOFSKY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [649 NYS2d 71] —Per Curiam. Respondent was admitted to practice by the Appellate Division, First Department, in 1955. He maintains an office for the practice of law in Loch Sheldrake, Sullivan County.

By petition dated November 27, 1995, the Committee on Professional Standards lodged five charges of professional misconduct against respondent. After a hearing in February and March 1996, the Referee sustained the charges. Petitioner moves to confirm the Referee's report; respondent moves to disaffirm it.

We grant petitioner's motion, deny respondent's, and find respondent guilty of the professional misconduct set forth in the petition.

Charge I, in six specifications, accuses respondent of having made false and unsupported allegations against a Judge and having engaged in undignified and discourteous conduct degrading to a tribunal, in violation of the Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (22 NYCRR 1200.3); DR 7-102 (A) (5) (22 NYCRR 1200.33); DR 7-106 (C) (22 NYCRR 1200.37), and DR 8-102 (B) (22 NYCRR 1200.43). The specifications state that during a colloquy at a hearing in a criminal proceeding in Queens County Supreme Court in January 1995,

at which respondent represented a defendant, respondent questioned a ruling by the Judge and then accused the Judge of making the ruling without considering certain papers respondent had submitted. When respondent discourteously pressed his argument, the Judge held him in contempt and placed him in handcuffs. After a recess and additional colloquy between respondent and the court, respondent purged himself of the contempt and was uncuffed. After a sidebar conference at the resumed hearing, the Judge noted for the record that respondent had threatened him at sidebar. Respondent disputed the Judge's description of the alleged threat. The Assistant District Attorney then confirmed the Judge's account of the matter.

Charge II, in two specifications, accuses respondent of taking legal action in his individual capacity despite the fact that he was represented by counsel, in violation of DR 1-102 (A) (5) and (8). Respondent retained Samuel R. Buxbaum as attorney of record in *Mordkofsky v Aronoff*, an action originally filed in Sullivan County but then transferred to Queens County. Specification 1 states that while Mr. Buxbaum remained as attorney of record, with no substitution of counsel, respondent engaged in motion practice. Specification 2 states that such motion practice exposed opposing counsel to a possible violation of DR 7-104 (A) (1) (22 NYCRR 1200.35) inasmuch as attorney Buxbaum had not advised opposing counsel that they could communicate directly with respondent.

Charge III, in two specifications, accuses respondent of making false and unsupported allegations in a court proceeding, in violation of DR 1-102 (A) (4), (5) and (8); DR 7-102 (A) (1), (2) and (5), and DR 8-102 (B). After respondent's complaint in *Mordkofsky v Aronoff*, was dismissed on the defendants' motion in October 1994 in Queens County Supreme Court, respondent moved to vacate the dismissal. His supporting affirmation essentially accused the defendants' attorneys and the Judge and his law clerk of fixing the case. The Judge then recused himself from further consideration of the matter. The Judge to whom the matter was randomly reassigned then granted respondent's motion to reargue the dismissal decision. Although stating that the dismissal was appropriate, the second Judge modified the dismissal to be without prejudice to a new action by respondent against all necessary parties. In a supporting affidavit on a motion to vacate the modified dismissal order, respondent again attacked the motives of the Judge who first dismissed his complaint.

Charge IV states that respondent made false and unsup-

ported allegations during the course of petitioner's investigation, in violation of DR 1-102 (A) (4), (5) and (8) and DR 8-102 (B). The specifications cite respondent's replies to inquiries filed by the Judge who held him in contempt and by the opposing attorneys in *Mordkofsky v Aronoff*. The replies accused the Judge of lies and coercion to extract a plea in the criminal case and repeated the accusations of corruption noted above.

Charge V accuses respondent of making false and unsupported allegations against Judges, in violation of DR 1-102 (A) (4), (5) and (8); DR 7-102 (A) (5), and DR 8-102 (B). Specifications 1 and 2 cite cover letters by respondent to the Queens County District Attorney and to the Administrative Judge for the Eleventh Judicial District enclosing copies of his reply to petitioner regarding the inquiry filed by the Judge who held him in contempt. The cover letter to the District Attorney accused the Judge of various criminal violations and of malicious acts against respondent's client. The District Attorney's reply advised respondent that his letter and enclosures did not set forth a basis for a criminal investigation. The cover letter to the Administrative Judge stated that there could be no doubt of the Judge's guilt and requested the Judge's removal from the Bench. Specification 3 cites an October 1995 letter to the Supreme Court Justice who reassigned the *Mordkofsky v Aronoff*, matter after the complaint was dismissed and the initial Judge recused himself. The letter reiterated the accusations of corruption and added an accusation of illegality against the Judge to whom the matter was reassigned.

Other than his own testimony and cross examination of petitioner's witnesses, respondent has introduced no evidence to support his allegations of wrongdoing against others.

In determining an appropriate disciplinary sanction, we note that respondent appears to have an unblemished disciplinary record since he was admitted to practice over forty years ago. On the other hand, we note the Referee's conclusion that respondent was unremorseful, "casts aside ethical considerations in the name of zealous representation", and "is a serious danger to both courts and litigants alike." The Referee further observed that, "By a combination of irresponsibility, malice and unadulterated speculation, the Respondent sees wrongdoing by judges and lawyers alike where there is none, and manufactures accusations with total recklessness."

In view of all of the above, and to protect the public, deter similar misconduct, and preserve the reputation of the Bar, we conclude that respondent should be suspended for a period of six months.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report be and hereby is granted and respondent's motion to disaffirm be and hereby is denied; and it is further ordered that respondent be and hereby is found guilty of professional misconduct, as charged and specified in the petition; and it is further ordered that respondent be and hereby is suspended from the practice of law for a period of six months, effective twenty (20) days from the date of this order; and it is further ordered that, for the period of suspension, respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys; and it is further ordered that respondent may apply for reinstatement after expiration of the suspension period upon furnishing satisfactory proof that he has complied fully with the order of suspension and with section 806.12 (b) of the rules of this Court (22 NYCRR 806.12), and that he has otherwise properly conducted himself during the suspension period.