[668 NYS2d 14]

In the Matter of JENCE LIEUGENYER THOMAS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 8, 1998

## APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Jence Lieugenyer Thomas,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent Jence Lieugenyer Thomas was admitted to the practice of law in the State of New York by the First Judicial Department on July 6, 1987. She was also admitted to practice as an attorney and counselor-at-law in the State of Colorado.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.3 publicly censuring respondent or, in the alternative, sanctioning respondent as this Court deems appropriate.

In support, petitioner has demonstrated that by order dated October 28, 1996, the Colorado Supreme Court censured respondent based upon a "Stipulation, Agreement and Conditional Admission of Misconduct" entered into on August 2, 1996 between respondent and the Colorado Supreme Court Grievance Committee in which respondent admitted that, on August 30, 1995, she had submitted a motion for summary judgment on behalf of a client that was subsequently denied with an assessment of attorney's fees and that she had then moved for recusal of the Judge who had denied the motion alleging that he had not reviewed the pleadings and accusing him of bias and improper conduct. A subsequent summary judgment motion for the same relief was subsequently denied by a different Judge.

Respondent further admitted that her motions for summary judgment had been groundless and frivolous and that her motion for recusal had not been accompanied, as required under Colorado law, by an affidavit pursuant to Colorado Rules of Civil Procedure, rule 97, thereby rendering them in reckless disregard of their truth or falsity. Respondent also admitted that she failed to respond to several letters requesting an investigation into the matter.

Petitioner further alleges that respondent is precluded from raising any defense enumerated in 22 NYCRR 603.3 (c), which provides that the only defenses that may be raised in a reciprocal disciplinary proceeding are:

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

We reject respondent's arguments that she was deprived of due process in the Colorado disciplinary proceeding and that

she is entitled to a hearing in the instant proceeding. Having admitted to the allegations of misconduct and thereby waiving her right to a full and complete evidentiary hearing on the merits, and having failed to seek reconsideration of the Colorado decision, respondent may not now disavow her admissions before that court on the ground that they were ill-advised and the result of a serious illness. Thus, respondent has no defense under section 603.3 (c) (1).

We find that respondent also has no defense under section 603.3 (c) (2) since the Colorado findings of misconduct are supported by the record, consisting primarily of respondent's own admissions.

Further, we find that respondent has no defense under section 603.3 (c) (3) since the misconduct for which respondent was disciplined constitutes misconduct in New York. Specifically, respondent was censured for making reckless statements attacking the integrity of a Judge. New York attorneys who engage in such misconduct have been suspended based on violations of Canons 1, 7 or 8 of the Code of Professional Responsibility (*see, Matter of Mordkofsky*, 232 AD2d 863; *Matter of Giampa*, 211 AD2d 212). Respondent's other misconduct of making frivolous motions is subject to sanctions in New York under Code of Professional Responsibility DR 7-102 (A) (1) and (2) (22 NYCRR 1200.33).

Since no viable defense has been presented, the petition seeking an order pursuant to the doctrine of reciprocal discipline should be granted. It is a generally accepted principle that the State where an attorney lived or practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see, Matter of Reiss*, 119 AD2d 1, 6). Under these circumstances, the petition should be granted and respondent should be publicly censured based upon the fact that she was similarly disciplined by the Supreme Court of Colorado.

ELLERIN, J. P., RUBIN, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Petition granted, and respondent publicly censured, pursuant to the doctrine of reciprocal discipline upon her censure by the Supreme Court of the State of Colorado, and respondent's request for a hearing and continuance of hearing denied as academic.