■ In the Matter of JOHN H. BABIGIAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [669 NYS2d 686] —Per Curiam. Respondent was admitted to practice by this Court in 1953. He resides in New York City.

By petition dated August 25, 1997, the Committee on Professional Standards charged respondent with filing a lawsuit in the United States District Court for the District of Columbia against the Chief Justice of the United States and over 60 other parties which was frivolous and served merely to harass or maliciously injure another and in which respondent knowingly advanced claims unwarranted under existing law, in violation of those provisions of the Code of Professional Responsibility prohibiting such a lawsuit (DR 7-102 [A] [1], [2] [22 NYCRR 1200.33 (a) (1), (2)]) and prohibiting conduct prejudicial to the administration of justice and conduct which adversely reflects on an attorney's fitness to practice law (DR

1-102 [A] [5], [8] [22 NYCRR 1200.3 (a) (5), (8)]). The lawsuit was dismissed in September 1995 and sanctions totalling $20,000 were imposed against respondent in favor of two defendants shortly thereafter; respondent was also enjoined from bringing any further new claims or lawsuits relating to the underlying action without the prior express permission of the District Court (*Babigian v Rehnquist,* 1995 WL 632062 [D DC, Sept. 7, 1995, Sporkin, J., No. Civ A 94-2246] and 901 F Supp 17, *affd* 107 F3d 922, *mot denied* 520 US 1153). In dismissing the lawsuit with prejudice, the District Court found that it was frivolous; that respondent was attempting to retry claims dating back 20 years which he had unsuccessfully litigated in other courts; that the amended complaint was a "carbon copy" of a complaint dismissed by the District Court for the Southern District of New York and that in affirming that dismissal the United States Court of Appeals for the Second Circuit had warned respondent that further prosecution of his claims would be frivolous and futile and might be met with costs and other sanctions (*see, Babigian v Association of Bar,* 744 F Supp 47, *affd* 912 F2d 462, *cert denied* 498 US 1012; *Babigian v Association of Bar,* 144 FRD 30, *affd* 990 F2d 623; *Babigian v Association of Bar,* docket No. 92-7903 [Jan. 19, 1993]). The Court also noted that respondent's complaints were subject to dismissal for lack of personal jurisdiction over the vast majority of the defendants and because venue did not lie in the District of Columbia, because many of the defendants employed by the Federal government were entitled to immunity, and because respondent's claims against the defendants over whom the District Court had jurisdiction were barred by the doctrines of res judicata and collateral estoppel.

By decision dated November 17, 1997, this Court granted petitioner's motion for an order declaring that no factual issues were raised by the pleadings. Respondent is collaterally estopped from relitigating in this proceeding the nature of the lawsuit he brought in District Court (*see, e.g., Matter of Intemann,* 165 AD2d 974). Respondent was heard in mitigation on February 11, 1998. We conclude that, to protect the public, deter similar misconduct, and preserve the reputation of the Bar, he should be suspended from practice for a period of six months (*see, e.g., Matter of Mordkofsky,* 232 AD2d 863, *lv denied* 89 NY2d 817, *appeal dismissed* 89 NY2d 983).

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is suspended from

the practice of law for a period of six months, effective thirty (30) days from the date of this order, and until further order of this Court; and it is further ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another, and is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application or any advice in relation: thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of this Court's rules regulating the conduct of suspended attorneys.