In the Matter of MELVIN M. MARIN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [673 NYS2d 247] —Per Curiam. Respondent was admitted to practice by this Court in December 1992.

The Committee on Professional Standards moves to confirm a Referee's report which sustained six charges of professional misconduct against respondent. Respondent opposes the motion.

As alleged in charge II, respondent commenced and pursued a frivolous action on behalf of his clients in the United States District Court for the Northern District of New York (in violation of Code of Professional Responsibility DR 1-102 [A] [5]; DR 7-102 [A] [1], [2] [22 NYCRR 1200.3 (a) (5); 1200.33 (a) (1), (2)]). In 1996, the District Court dismissed the plaintiffs' claims, with prejudice, against six defendants and then imposed sanctions payable, jointly and severally, by respondent and one of the plaintiffs in the amount of $1,000 to each of the defendants and $7,153.10 to their attorney. The District Court prohibited respondent from filing any further papers in the matter without first seeking the court's permission by written request. As alleged in charge III, respondent filed further papers in contravention of the order on at least three occasions (in violation of Code of Professional Responsibility DR 1-102 [A] [4], [5]; DR 7-102 [A] [1], [2] [22 NYCRR 1200.3 (a) (4), (5); 1200.33 (a) (1), (2)]).

As alleged in charge IV, respondent appeared as attorney of record in New York State courts although he did not maintain a law office in this State as required by Judiciary Law § 470 (in violation of Code of Professional Responsibility DR 1-102 [A] [5] [22 NYCRR 1200.3 (a) (5)]; *see, e.g., Matter of Haas*, 237 AD2d 729).

Finally, as alleged in charge VI, respondent has failed to cooperate with petitioner (in violation of Code of Professional Responsibility DR 1-102 [A] [5], [8] [22 NYCRR 1200.3 (a) (5), (8)]).

We grant petitioner's motion to confirm the Referee's report with respect to the charges and violations of the Code of Professional Responsibility noted above. The remaining charges and violations are dismissed.

Considering all of the papers before us and respondent's contentions at oral argument on petitioner's motion, we conclude that respondent should be suspended from the practice of law for a period of six months (*see, e.g., Matter of Babigian*, 247 AD2d 817; *Matter of Mordkofsky*, 232 AD2d 863, *appeal dismissed* 89 NY2d 983, *lv denied* 89 NY2d 817).

Cardona, P. J., Mercure, White, Peters, and Spain, JJ., concur. Ordered that respondent is found guilty of the professional misconduct set forth in charge II of the petition, insofar as it alleges violation of Code of Professional Responsibility DR 1-102 (A) (5); DR 7-102 (A) (1), (2) (22 NYCRR 1200.3 [a] [5]; 1200.33 [a] [1], [2]); charge III, insofar as it alleges violation of Code of Professional Responsibility DR 1-102 (A) (4), (5); DR 7-102 (A) (1), (2) (22 NYCRR 1200.3 [a] [4], [5]; 1200.33 [a] [1], [2]); and charges IV and VI; charges I and V are dismissed; the violation of Code of Professional Responsibility DR 1-102 (A) (4); DR 7-102 (A) (5) (22 NYCRR 1200.3 [a] [4]; 1200.33 [a] [5]) alleged in charge II is dismissed; the violation of Code of Professional Responsibility DR 7-102 (A) (5) (22 NYCRR 1200.33 [a] [5]) alleged in charge III is dismissed; and petitioner's motion to confirm the Referee's report is accordingly granted in part and denied in part; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective immediately; and it is further ordered that respondent, for the period of his suspension, is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another, and is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application or any advice in relation thereto; and it is further

ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of this Court's rules regulating the conduct of suspended attorneys.