[752 NYS2d 655]

In the Matter of GINO JOSH SINGER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 31, 2002

### APPEARANCES OF COUNSEL

*Christine C. Anderson* (*Thomas J. Cahill*, attorney), for petitioner.

*Michael S. Ross* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Gino Josh Singer was admitted to the practice of law in the State of New York by the First Judicial Department

on January 12, 1981, and has maintained an office for the practice of law within this Department at all relevant times.

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.3 suspending respondent, predicated upon similar discipline issued by the United States District Court, Southern District of New York or, in the alternative, sanctioning respondent as this Court deems appropriate.

The federal disciplinary action arose out of respondent's representation of a client in 1995. The Committee on Grievances of the Southern District of New York (the Southern District Committee) charged that respondent, without court approval, accepted a fee totaling $10,000, paid over four years, from a client, Wing Fung Chau, whom respondent had been appointed to represent at public expense pursuant to respondent's membership on the Criminal Justice Act Panel of Private Attorneys (the CJA Panel). Respondent, with the assistance of counsel, admitted to the violations charged, and explained in mitigation that, after being appointed to represent Chau, he reached an agreement to be privately retained, that he never submitted a voucher for CJA payment of fees, and that, since he never read the CJA Plan, he was unaware of his obligations to seek prior court authorization of any private retention.

By order filed February 4, 2002, the Southern District suspended respondent from the practice of law for one year, based upon the foregoing misconduct, finding that he had violated Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5] [prohibiting an attorney from engaging in conduct prejudicial to the administration of justice]) and DR 2-106 (c) (3) (22 NYCRR 1200.11 [c] [3] [prohibiting a lawyer from charging or collecting a fee proscribed by law or rule of court]), as well as section VIII (E) of the court's Revised Plan for Furnishing Representation Pursuant to the Criminal Justice Act (18 USC § 3006A [the CJA Plan]).* By order dated May 27, 2002, respondent also was suspended in the Eastern District of New York for one year to run concurrent with the suspension imposed by the Southern District.

In conformance with 22 NYCRR 603.3 (d), respondent notified the Disciplinary Committee of the federal disciplinary

---

* Section VIII (E) provides: "Counsel appointed pursuant to this Plan shall at no time seek or accept any fee or other things of value from, or on behalf of, the person represented, for representing the person to whom he or she was assigned. Nor shall counsel * * * agree to be privately retained by the person to whom he or she was assigned or by persons acting on that person's behalf, without advising and securing the approval of the Court."

proceeding, and the Disciplinary Committee commenced this proceeding seeking an order pursuant to the doctrine of reciprocal discipline and for appropriate discipline. Pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defense except: (1) a lack of notice or opportunity to be heard constituting a deprivation of due process, (2) an infirmity of proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction (22 NYCRR 603.3 [c]).

Respondent admits the factual allegations contained in the petition and does not raise any of the affirmative defenses permitted by 22 NYCRR 603.3 (c).

Respondent was provided with sufficient notice and opportunity to be heard in the federal disciplinary matter, and the Southern District's findings of misconduct are fully supported by the record and admitted by respondent. Moreover, the Southern District, applying New York law, determined that respondent's misconduct violated the New York Code of Professional Responsibility, and respondent offers no defense to the admitted misconduct. For all these reasons, reciprocal discipline is appropriate (*Matter of Thomas*, 239 AD2d 27).

The issue remaining is what is the appropriate sanction under the circumstances of this particular case. The Committee requests that this Court suspend respondent at least for the duration of his suspension ordered by the Southern District. However, respondent argues, based upon mitigating circumstances, that his sanction should be limited to public censure. In support, respondent asserts that even before the Southern District's order became effective, he complied with the order and stopped accepting new cases, not just in the Southern District but also in the Eastern District and, indeed, in the entire federal court system in which most of his practice was based. Consequently, respondent maintains that his suspension from federal practice has effectively been a complete suspension from the practice of law. He argues further that, if this Court imposes a one-year suspension beginning now, he would effectively be prevented from practicing law for not one year but for nearly two, a sanction that he contends is disproportionate to the discipline imposed on other attorneys for similar misconduct. Alternatively, respondent requests that, if the Court should determine that suspension is appropriate, such suspension be applied, nunc pro tunc, to February 4, 2002, the date of the sanction imposed upon him by the Southern District.

In counterpoint to some of respondent's arguments, the Southern District found, and respondent did not and does not now dispute, that not all the evidence before the Committee was consistent with respondent's assertions of mitigation. For example, respondent does not dispute that, in numerous appearances before the court in the Chau case, he never indicated that he was appearing other than as CJA counsel and that, in 1998, he caused the court to direct the court reporter to provide him at CJA expense a transcript of one proceeding involving his representation of Chau. The Southern District also noted that "Chau, who would have had no motive to retain Singer privately if he had been advised that Singer was obligated to fully and zealously represent him at public expense, averred that Singer told him that he (Singer) would do a better job if Chau paid him the $10,000."

Nonetheless, in light of respondent's own admissions and the numerous affidavits submitted on his behalf, including several from prior clients, the Southern District determined to reduce the penalty they would have otherwise imposed and ordered a one-year suspension.

We conclude that respondent's misconduct requires more than public censure. However, in light of relevant precedent as well as mitigating evidence, including that respondent is a solo practitioner involved in criminal defense, that he readily admitted his wrongdoing and expressed apparently sincere contrition and remorse, and in deference to the Southern District's determination, we conclude that a one-year suspension is appropriate. We further determine that, in view of respondent's prompt notification of his federal court suspension and since he does not appear to have practiced in New York during the time of his federal suspension, his suspension should be applied retroactively to the federal suspension and should run concurrently with that suspension (*Matter of Greenfield*, 211 AD2d 29; *Matter of Yagman*, 263 AD2d 151).

Accordingly, the Committee's petition for reciprocal discipline should be granted to the extent that respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for one year, commencing, nunc pro tunc, to February 4, 2002.

WILLIAMS, P.J., ROSENBERGER, RUBIN, FRIEDMAN and GONZALEZ, JJ., concur.

Respondent suspended from practice as an attorney and counselor-at-law in the State of New York for one year, nunc pro tunc, to February 4, 2002 and until the further order of this Court.