■ In the Matter of DEB IRELAND, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [759 NYS2d 902] —Per Curiam. Respondent was admitted to practice by this Court in 1982. She maintains an office for the practice of law in the Town of Liberty, Sullivan County.

Having denied respondent's motion to dismiss the instant supplemental petition of charges and granted petitioner's motion for an order declaring that no factual issues are raised (*see* 22 NYCRR 806.5), and having heard respondent in mitigation, we now find respondent guilty of professional misconduct as charged and specified in the supplemental petition. In violation of the attorney disciplinary rules, respondent knowingly advanced claims unwarranted under existing law and asserted legal positions merely to harass or maliciously injure several attorney defendants (*see* Code of Professional Responsibility DR 1-102 [a] [5]; DR 7-102 [a] [1], [2] [22 NYCRR 1200.3 (a) (5); 1200.33 (a) (1), (2)]). During the course of litigation, Supreme Court found that respondent asserted claims that were clearly unmeritorious, frivolous and utterly without legal support and imposed sanctions pursuant to 22 NYCRR 130-1.1 (*see Ireland v Wilenzik*, 296 AD2d 771 [2002]). Petitioner advises that between 1999 and 2001, it disciplined respondent by issuing her a letter of caution and two letters of admonition.

In view of the above, and considering the serious nature of respondent's professional misconduct, we conclude that she should be suspended from practice for a period of six months (*see e.g. Matter of Marin*, 250 AD2d 997 [1998], *appeal dis-*

*missed* 92 NY2d 945 [1998], *lv denied* 92 NY2d 818 [1999]; *Matter of Babigian,* 247 AD2d 817 [1998], *lv denied* 91 NY2d 813 [1998], *cert denied* 525 US 1003 [1998]).

Crew III, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged and specified in the supplemental petition; and it is further ordered that respondent is suspended from practice for a period of six months, effective in 20 days from the date of this decision, and until further order of this Court; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; she is forbidden to appear as attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).