[761 NYS2d 177]

In the Matter of JEFFREY M. COHN (Admitted as JEFFREY MICHAEL COHN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 19, 2003

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel. (*Thomas J. Cahill,* attorney), for petitioner.

*Michael Ross* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Jeffrey M. Cohn was admitted to the practice of law in the State of New York by the First Judicial Department on January 23, 1995 under the name Jeffrey Michael Cohn and, at all times relevant to this matter, respondent maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee (the Committee) now seeks an order, pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3, suspending respondent from the practice of law for a period of five years, retroactive to July 22, 1999, predicated upon similar discipline issued by the United States District Court for the Southern District of New York or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent consents to the reciprocal discipline sought by the Committee.

Respondent was served, on or about February 4, 2002, with an order to show cause issued by the Southern District of New York's Committee on Grievances, directing respondent to show cause why that Court should not impose discipline on him. A statement of charges, dated January 29, 2002, was annexed to the order to show cause, which interposed four charges against respondent. It should be noted that as a result of his conduct, respondent was arrested in July 1999 and subsequently indicted in the Southern District for conspiracy to defraud the United States, to obstruct justice and to make false statements to government officials. Respondent was acquitted of all charges on or about October 10, 2000.

Charge One asserts that in the spring and summer of 1999, respondent attempted to broker a third-party cooperation agreement for his incarcerated client Christian Del Rosario, who was trying to obtain a sentence reduction. Respondent was aware that it was the policy of the United States Attorney's office to accept these agreements only when the information was not purchased. In order to circumvent this policy, respondent hired a private investigator to acquire incriminating information about other individuals and then forward it to Del Rosario's brother, Humberto, who communicated it to the government as his own. Respondent was charged with violating: Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3), in that he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation; DR 1-102 (a) (5), in that he engaged in conduct prejudicial to the administration of justice; DR 7-102 (a) (6) (22 NYCRR 1200.33), in that he participated in the creation or preservation of evidence when

the lawyer knows, or it is obvious that it is false; and DR 7-102 (a) (8), in that he engaged in conduct contrary to a disciplinary rule.

Charge Two asserts that respondent intentionally made inaccurate and misleading statements to the Assistant United States Attorney as to why Humberto canceled the first scheduled proffer session with the Government. Respondent was charged with violating DR 1-102 (a) (4) and DR 7-102 (a) (5), in that he knowingly made a false statement of fact.

Charge Three asserts that respondent attended a proffer session in which Humberto falsely advised the Government that he had not purchased the information he was providing but, rather, had obtained it from his cousin in the Dominican Republic. Respondent knew that answer was false but took no steps to correct the record or disassociate himself from it, and as a result was charged with violating DR 1-102 (a) (4) and (5), and DR 7-102 (a) (5).

Respondent, in an answering affidavit, admitted committing Charges One and Two, denied Charge Three, and admitted the facts underlying Charge Four. The Committee on Grievances subsequently determined that respondent was guilty of Charges One through Three, but dismissed Charge Four. The issues of mitigation, and the appropriate sanction, were then referred to Marjorie Peerce, Esq., a member of the Panel of Attorneys to Assist the Grievance Committee of the Southern District of New York.

Ms. Peerce, by written recommendation dated June 21, 2002, recommended respondent be suspended from the practice of law for five years, nunc pro tunc, to the date of his arrest or some date between the date of arrest and the present. Ms. Peerce, inter alia, noted the existence of "significant" factors in mitigation, including his "refreshingly sincere" demeanor at his interview, the fact he "evinced a heartfelt concern for his clients and seemed to believe he was acting in their best interest," the knowledge that his conduct and its ramifications had a profound and sobering impact on him, and that it was likely that his professional relationship with another attorney who was convicted based upon his conduct involving third-party cooperation agreements had a negative impact on his ethical compass.

The Southern District, by order entered July 23, 2002, found respondent guilty of Charges One, Two and Three, dismissed Charge Four, and suspended respondent from practicing before that court for five years, retroactive to July 22, 1999, the date of respondent's arrest.

Since respondent herein presents no defense, was provided with full notice and an opportunity to be heard in the federal disciplinary proceeding, the federal findings of professional misconduct are fully supported by the record, and since the misconduct for which respondent was disciplined in the Southern District constitutes misconduct in this Court (the Southern District employs the same New York Code of Professional Responsibility for the purposes of attorney discipline as this Court), reciprocal discipline should be granted (*Matter of Singer*, 302 AD2d 179 [2002]; *Matter of Thomas*, 239 AD2d 27 [1998]).

With regard to the issue of the sanction to be imposed, the Committee and respondent both agree that a five-year retroactive suspension is appropriate. Moreover, the Committee notes that for the sake of consistency and to avoid a disparity in the imposition of a sanction in the same state, the same discipline ordered by the Southern District is warranted.

Accordingly, the Committee's petition for reciprocal discipline should be granted and respondent suspended from the practice of law for a period of five years, retroactive to July 22, 1999.

BUCKLEY, P.J., NARDELLI, ANDRIAS, ELLERIN and FRIEDMAN, JJ., concur

Respondent suspended from the practice of law in the State of New York for a period of five years, nunc pro tunc to July 22, 1999 and until the further order of this Court.