■ MAUREEN MCNAMARA, Appellant, v STATE OF NEW YORK, Respondent. [901 NYS2d 546]—

In a claim, inter alia, to recover damages for alleged violations of constitutional rights in relation to an attorney disciplinary proceeding, the claimant appeals, as limited by her brief, from so much of an order of the Court of Claims (Nadel, J.), dated July 28, 2009, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (2) to dismiss the claim for lack of subject matter jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Court of Claims correctly determined that it lacked subject matter jurisdiction to entertain the instant claim. The authority to conduct attorney disciplinary proceedings is vested exclusively in the Appellate Divisions of the Supreme Court (*see* Judiciary Law § 90; *Matter of Anonymous v Grievance Comm. of State of N.Y.*, 244 AD2d 549 [1997]; *Erdmann v Stevens*, 458 F2d 1205, 1209 [1972], *cert denied* 409 US 889 [1972]). Review of the procedures employed and the resulting determination in an attorney discipline matter is available in the Court of Appeals, and where, as in this case, that Court has dismissed an appeal, there is a final and binding judgment in the matter (*see Zimmerman v Grievance Comm. of Fifth Jud. Dist. of State of N.Y.*, 726 F2d 85, 86 [1984], *cert denied* 467 US 1227 [1984]). The claimant cannot collaterally attack the judgment by asserting a damages claim in the Court of Claims (*see* Court of Claims Act § 9; *Napolitano v New York State Grievance Comm.*, 8 Misc 3d 1007[A], 2005 NY Slip Op 50982[U] [2005], *affd on other grounds* 33 AD3d 979 [2006]).

In light of our determination, we need not reach the defendant's remaining contentions. Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.