*This opinion is subject to revision before final publication in the Pacific Reporter*

**2025 UT 18**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

MELVIN M. MARIN,
*Petitioner,*

*v.*

UTAH STATE BAR,
*Respondent.*

No. 20250101
Submitted April 11, 2025
Filed June 26, 2025

On Petition for Extraordinary Relief

Attorneys:

Melvin M. Marin, San Diego, Cal., pro se petitioner

Maribeth L. LeHoux, Emily A. Lee, Salt Lake City, for respondent

JUSTICE POHLMAN authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE PEARCE,
JUSTICE PETERSEN, and JUSTICE HAGEN joined.

JUSTICE POHLMAN, opinion of the Court:

## INTRODUCTION

¶1    This matter is before us on a petition for extraordinary relief. Melvin M. Marin, an attorney once licensed to practice in New York, seeks relief in this court by collaterally attacking a New York court's 1998 order suspending him from the practice of law in that jurisdiction. If we deny his primary request to decline to give full faith and credit to the New York order, Marin alternatively requests a waiver of rules 14-704(a)(7) and 14-704(a)(8) of our bar admission rules, which require attorney applicants to establish that they are in good standing in all jurisdictions where they are currently admitted and that they are not currently subject to lawyer discipline. UTAH SUP. CT. R. PRO. PRAC. 14-704(a)(7), (a)(8). We deny both requests.

## BACKGROUND[1]

¶2 In 1992, Marin was admitted to practice law by the Appellate Division of the Supreme Court of the State of New York, Third Department (New York court).[2] *In re Marin*, 250 A.D.2d 997, 997 (N.Y. App. Div. 1998) (per curiam), *appeal dismissed*, 704 N.E.2d 228 (N.Y. 1998), *leave to appeal denied*, 708 N.E.2d 177 (N.Y. 1999).

¶3 In April 1997, the Committee on Professional Standards brought an attorney disciplinary action against Marin in the New York court, charging him with six violations of New York's Code of Professional Responsibility. *Id.* at 997–98; *see also Comm. on Pro. Standards v. Marin*, No. 1:97-CV-1361, 2017 WL 5515854, at *1 (N.D.N.Y. Mar. 30, 2017), *aff'd*, 764 F. App'x 82 (2d Cir. 2019). Among the violations, Marin was charged with commencing and pursuing a frivolous action and appearing as an attorney of record in New York without maintaining an office in the state. *In re Marin*, 250 A.D.2d at 997–98.

¶4 Several months after Marin answered the disciplinary complaint, he removed the action to the federal district court for the Northern District of New York. *Comm. on Pro. Standards*, 2017 WL 5515854, at *1. Marin contended that the federal court had jurisdiction over the state action because, according to Marin, he was a federal officer in part charged with New York state residency violations by virtue of his position as a federal officer. But the federal court did not share Marin's view. It rejected his removal the same day it was filed, and it remanded the case back to state court for lack of subject matter jurisdiction.[3] *See id.* at *1–2.

¶5 Back in New York state court, the court considered the parties' written submissions and heard oral argument. *In re Marin*,

---

[1] We draw the background facts, which are largely procedural, from Marin's filing and other publicly available documents.

[2] "In New York State, each department of the Appellate Division is responsible for admitting applicants to the practice of law." *Admissions*, State of N.Y. Sup. Ct., App. Div., Third Jud. Dep't, https://nycourts.gov/ad3/admissions/ (last visited June 18, 2025).

[3] In early October 1997, the federal district court also rejected a motion to reconsider, and the United States Court of Appeals for the Second Circuit later denied Marin's appeal. *Comm. on Pro. Standards*, 2017 WL 5515854, at *2.

250 A.D.2d at 998. And in May 1998, the court sustained four of the six disciplinary charges and suspended Marin's law license for a period of six months. *Id.*

¶6 Marin sought review of the disciplinary decision in the New York Court of Appeals, but his efforts were unsuccessful.[4] *See In re Marin*, 704 N.E.2d 228 (N.Y. 1998), *leave to appeal denied*, 708 N.E.2d 177 (N.Y. 1999). For reasons not apparent in the record, Marin's suspension is still in effect today.[5]

¶7 In 2018, twenty years after the New York court issued its order of discipline, Marin moved that court for an order vacating, *ab initio*, its 1998 order suspending him from the practice of law.[6] *In re Marin*, 158 A.D.3d 889, 889–90 (N.Y. App. Div. 2018), *appeal dismissed*, 108 N.E.3d 1025 (N.Y. 2018). Marin also requested a statement confirming that he had continually been in good standing as a member of the New York Bar since 1992. *Id.* at 890. The court denied both requests, and it likewise denied Marin's request for reconsideration. *Id.*; *In re Marin*, 162 A.D.3d 1198, 1199 (N.Y. App. Div. 2018).

¶8 At least one federal district court also has rejected Marin's effort to void the May 1998 disciplinary order. *See Marin v. New York*, No. 17-CV-4668, 2017 WL 6405847, at *4 (S.D.N.Y. Aug. 28, 2017) (dismissing Marin's complaint and referencing another federal court's dismissal of similar claims in 2000). And another federal court has rejected Marin's request to reopen and vacate its 1997 remand order. *See Comm. on Pro. Standards*, 2017 WL 5515854, at *1, 5.

¶9 Undeterred, Marin now has filed in this court a petition for extraordinary writ, in which he seeks to mount "a collateral attack"

---

[4] "Review of the procedures employed and the resulting determination in an attorney discipline matter is available in the [New York] Court of Appeals, and where . . . that Court has dismissed an appeal, there is a final and binding judgment in the matter." *McNamara v. State*, 74 A.D.3d 760, 760 (N.Y. App. Div. 2010).

[5] *See Attorney Online Services – Search*, N.Y. STATE UNIFIED CT. SYS., https://iapps.courts.state.ny.us/attorneyservices/search?1 (last visited June 18, 2025) (enter "Melvin Marin" in the search fields for first and last name of an "Attorney").

[6] The record does not reveal the basis for Marin's 2018 request.

against the New York court's disciplinary order.[7] He claims the 1998 disciplinary order has frustrated his ability to seek admission to the Utah State Bar and to make a living. He explains, "because the [New York] judges will never lift their suspension . . . , I must have an order . . . that says plainly that the [New York] rulings are not entitled to full faith and credit and are considered void, so I can apply here for admission after the other matters are satisfied like taking the Utah Bar Exam and character & fitness."[8]

## ANALYSIS

¶10 A person may petition this court for extraordinary relief "[w]hen no other plain, speedy, or adequate remedy is available." UTAH R. APP. P. 19(a). We have "broad discretion to grant or deny extraordinary relief," and, in exercising our discretion, "we consider a variety of factors including the nature of the relief sought, the circumstances alleged in the petition, and the purpose of the type of writ sought." *Durbano v. Utah State Bar* (*In re Durbano*), 2019 UT 34, ¶ 28, 449 P.3d 24 (cleaned up). In practice, "the more extraordinary the relief the petitioner seeks, the more compelling the showing of an entitlement to that relief should be." *Lyman v. Cox*, 2024 UT 35, ¶ 3, 556 P.3d 49 (per curiam) (cleaned up). And, ordinarily, we will not grant relief unless the request is based on uncontroverted facts. *Id.*

---

[7] Marin styled his filing as a "Petition for Declaratory Judgment and/or to Amend the Rules for Admission to the Bar of the State of Utah." We construe the filing to be a petition for extraordinary relief under rule 19 of the Utah Rules of Appellate Procedure.

[8] Marin filed his petition as an ordinary public document in this court. *See* UTAH R. JUD. ADMIN. 4-202.02(1) ("Court records are public unless otherwise classified by this rule."); *id.* R. 4-202.02(2)(C) ("Public court records include . . . appellate filings, including briefs . . . ."). Yet at the end of his petition, Marin moves this court "to seal at least the exhibits and hopefully the petition except for a voiding order." He simultaneously concedes that "[p]ragmatically, this request is moot because [New York's] record is already open to the public."

Although we need not act on this moot request, we take this opportunity to remind litigants that requests apart from the merits of an appeal or petition should be made by separate motion, in accordance with rule 23 of the Utah Rules of Appellate Procedure.

¶11 Marin makes two requests for extraordinary relief. First, he collaterally attacks the New York court's 1998 order suspending him from the practice of law in that jurisdiction, asking us not to give the order full faith and credit. In the alternative, if we deny his primary request, Marin asks that we waive certain admission rules for attorney applicants to the Utah State Bar. His two requests are before us in the first instance, and in turn we reject both.

## I. WE DENY MARIN'S REQUEST TO DISREGARD THE NEW YORK DISCIPLINARY ORDER

¶12 Marin collaterally attacks the 1998 New York disciplinary order, asserting it is frustrating his ability to seek admission to the Utah State Bar. He invites us to deny full faith and credit to the New York order on one of several bases. We decline.

¶13 The United States Constitution requires that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. CONST. art. IV, § 1. And the United States Supreme Court has stated that "to fulfill this constitutional mandate, the judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced." *Underwriters Nat'l Assurance Co. v. N. Carolina Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 704 (1982) (cleaned up).

¶14 Yet there are limits to this mandate, "[c]hief among the[m] . . . is the caveat . . . that a judgment of a court in one State is conclusive upon the merits in a court in another State only if the court in the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment." *Id.* (cleaned up). Thus, "before a court is bound by the judgment rendered in another State, it may inquire into the jurisdictional basis of the foreign court's decree." *Id.* at 705. If the court determines that the foreign court lacked jurisdiction over the subject matter or the parties, "full faith and credit need not be given." *Id.*; *see also Van Kleeck Creamery, Inc. v. W. Frozen Prods. Co.*, 465 P.2d 544, 546 (Utah 1970) (explaining that despite the requirements of the Full Faith and Credit Clause, "if it is determined that the court of the first state did not have jurisdiction, the courts of the second state are under no obligation to enforce the judgment").

¶15 Marin invokes this limitation and invites us to disregard the New York disciplinary order on the basis that it is void for "lack of jurisdiction." Specifically, Marin contends that because he had removed the disciplinary complaint to federal court, the New York

court lacked subject matter jurisdiction over the dispute when it entered the order in 1998 suspending his law license.

¶16   We reject Marin's invitation because we are not persuaded that his temporary removal of the disciplinary complaint against him to federal court deprived the New York court of subject matter jurisdiction. Although Marin removed the state disciplinary dispute to federal court, his removal was immediately rejected, and the federal court remanded the case back to state court, where it proceeded to a final judgment. *Supra* ¶¶ 4–5. Thus, there is no basis in the record for us to question the jurisdiction of the New York court, and we accordingly afford full faith and credit to the 1998 disciplinary order.[9]

¶17   Marin next contends that we should decline to afford full faith and credit to the New York court's disciplinary order on the grounds that it is unconscionable, fraudulent, or violative of due process or public policy. Once again, we are unpersuaded. Marin has not cited any pertinent authority to support the proposition that we could disregard the New York order on these grounds without running afoul of the Full Faith and Credit Clause. But even if he had, he has not provided the facts to support his extraordinary claims. The record demonstrates that Marin has had the opportunity to litigate his objections to the discipline imposed by the New York court nearly thirty years ago, and we see no convincing reason to question that court's decision.

---

[9] In addition to lacking a basis to question the New York court's jurisdiction, we also suspect that the New York court may already have addressed this issue—either as part of its 1998 disciplinary order or as part of Marin's 2018 challenge. The 1998 order does not identify a jurisdictional challenge, and the 2018 decisions provide very little information. But presumably, if Marin believed the New York court lacked jurisdiction over the disciplinary complaint, he would have raised the issue in 1998 and possibly again in 2018. Although this court "may inquire into the jurisdictional basis of a foreign judgment," we also recognize that "a determination by the rendering state on the issue of jurisdiction is res judicata when that issue is fully and fairly litigated there." *In re Smith*, 925 P.2d 169, 171 (Utah 1996) (cleaned up). We address the jurisdictional issue here because we don't know what issues were raised before and resolved by the New York courts.

## II. MARIN HAS NOT SHOWN THAT HE MEETS OUR STANDARD FOR PETITIONS SEEKING WAIVER OF OUR RULES FOR BAR ADMISSION

¶18  Marin has not applied for admission to the Utah State Bar, but he apparently fears that his application would be precluded by rule. So, Marin alternatively requests that we preemptively waive two provisions of our rules governing bar admission. Specifically, he requests a waiver of rules 14-704(a)(7) and 14-704(a)(8) of the Supreme Court Rules of Professional Practice.

¶19 This court has explained that "waiver of our [bar admission] rules is appropriate only in extraordinary cases where the applicant demonstrates by clear and convincing evidence that the purpose of the rule for which waiver is sought has been satisfied." *Kelly v. Utah State Bar*, 2017 UT 6, ¶ 1, 391 P.3d 210. This is a "high bar," *Labrum v. Utah State Bar*, 2024 UT 24, ¶ 16 n.33, 554 P.3d 943, and while "we hold absolute discretion to waive our admission rules," we have advised "that we will not open the courthouse doors to grant waivers as a more convenient alternative to compliance with the rules," *id.* ¶ 16 (cleaned up). Further, we "will not waive a rule and pave the way for an applicant to practice law in this state unless we are satisfied that the applicant possesses the needed skill, knowledge, and ability to ethically represent Utah citizens." *Kelly*, 2017 UT 6, ¶ 11.

¶20  Marin seeks to avoid the following two rules: An attorney applicant to the Utah Bar must establish by clear and convincing evidence that the applicant both "is licensed in good standing in all jurisdictions where currently admitted," UTAH SUP. CT. R. PRO. PRAC. 14-704(a)(7), and "has a proven record of ethical, civil and professional behavior and has never been delicensed or resigned with discipline pending, or their equivalent, in any jurisdiction and is not currently subject to lawyer discipline or the subject of a pending disciplinary matter," *id.* R. 14-704(a)(8).

¶21  As with all our rules of bar admission, the overarching purpose of these two rules is "to protect the citizens of Utah by ensuring that the people of this state may rely on admitted attorneys for competent and ethical representation." *See Kelly*, 2017 UT 6, ¶ 11 (cleaned up). In other words, these rules help us "protect the citizens of Utah from the dangers posed by incompetent and unethical representation." *Labrum*, 2024 UT 24, ¶ 20 n.42 (cleaned up). Considering this responsibility and given that rules 14-704(a)(7) and 14-704(a)(8) have strong bearing on an applicant's ability to abide by rules of professional conduct and to provide

competent and ethical legal representation, we are especially reluctant to waive them.

¶22   Here, while insisting that he "did nothing wrong" in New York "at any time," Marin asks us to overlook the New York court's order disciplining him for professional misconduct. *See In re Marin*, 250 A.D.2d 997, 997–98 (N.Y. App. Div. 1998) (per curiam), *appeal dismissed*, 704 N.E.2d 228 (N.Y. 1998), *leave to appeal denied*, 708 N.E.2d 177 (N.Y. 1999). Marin notably has not acknowledged or engaged with our standard for determining whether to waive bar admission rules. That is, Marin has not addressed, much less demonstrated, that the purposes of the rules for which he seeks waiver have been satisfied and that his case is extraordinary. *See Kelly*, 2017 UT 6, ¶ 1. We thus deny his request to waive rules 14-704(a)(7) and 14-704(a)(8).

## CONCLUSION

¶23   We deny Marin's invitation to disregard the New York court's 1998 order suspending him from the practice of law, and we reject his alternative request for the waiver of two bar admission rules. Accordingly, we deny and dismiss Marin's petition for extraordinary relief.