In the Matter of DENNIS C. LARSEN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 31, 1992

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with nine allegations of professional misconduct. The Special Referee sustained all nine charges against the respondent. The petitioner now moves to confirm the report of the Special Referee and the respondent has filed no papers in opposition thereto.

Charge One alleged that the respondent neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]). In or about January 1980, Jacqueline and Allen Polzer retained the respondent with respect to a medical malpractice action. In or about May 1980, the respondent was paid an initial retainer of $1,500. The respondent advised Mr. and Mrs. Polzer that malpractice cases often take long periods of time to be resolved and that they should, therefore, *not* contact the respondent. The respondent indicated that he would keep them updated.

On or about August 20, 1981, the respondent commenced a malpractice action in the United States District Court, Southern District of New York entitled *Jacqueline Polzer and Allen Polzer v Simon Parisier and A. Komisar* (hereinafter "the Federal court action"). On or about the same day, the respondent commenced an action in the Supreme Court, New York County, entitled *Jacqueline Polzer and Allen Polzer v Simon Parisier and A. Komisar* (hereinafter "the State court action") by service of summons with notice on Simon Parisier. No summons was served on A. Komisar. On or about September 14, 1981, Bower and Gardner, attorneys for the defendants Parisier and Komisar, served an answer and notice to take depositions of the plaintiffs Jacqueline and Allen Polzer in the Federal court action. By letter dated October 6, 1981, the respondent was informed by Bower and Gardner that there was a lack of subject matter jurisdiction in the Federal court action by reason of the lack of diversity of citizenship. On or about October 27, 1981, the defendants' attorneys brought on a motion to dismiss the Federal complaint on the grounds of lack of diversity. By order dated November 9, 1981, United States District Court Judge Charles S. Height, Jr., dismissed the Federal court action.

On or about October 27, 1981, Bower and Gardner, as attorneys for the defendant Simon Parisier, served its notice of appearance and demand for a complaint in the State court

action. On or about May 8, 1982, the respondent commenced a second State court action entitled *Jacqueline Polzer and Allen Polzer v Simon Parisier and Arnold Komisar* by serving both defendants with a summons with notice. Both defendants were served by substituted service. Subsequent to the service of the summons with notice, no further steps were taken by the respondent in the second State court action.

On or about May 24, 1982, Bower and Gardner brought on a motion to dismiss the first State court action for failure to prosecute, as no complaint was ever received by the defendants' attorneys. By order dated September 28, 1982, Justice Stanley L. Sklar of the Supreme Court, New York County, dismissed the first State court action by granting summary judgment in favor of the defendant Simon Parisier, based on the plaintiffs' failure to timely serve a complaint. Judgment was entered against the plaintiffs on October 14, 1982.

On or about September 7, 1988, the respondent appeared at the offices of the petitioner and gave testimony under oath. During that appearance, the respondent produced a plaintiffs-appellants' brief and appendix regarding an appeal from the order granting summary judgment in the first State court action. Included in this document is an affirmation of service signed by the respondent, affirming that he personally served a copy of this document on Bower and Gardner, the attorneys for the defendants-respondents, by personally mailing it on October 27, 1983. Bower and Gardner have no record of ever receiving the respondent's brief and appendix, and the Appellate Division, First Department, has no record of that document being filed.

Charge Two alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law by failing to communicate with his clients. The respondent failed to inform Jacqueline Polzer and Allen Polzer (Charge One) that the Federal action and the action in the Supreme Court, New York County, had been dismissed. During the period April through May 1982, the respondent made no effort to return the Polzers' numerous phone calls. By certified letter dated May 12, 1982, Allen Polzer requested from the respondent a copy of the lawsuit filed against Simon Parisier, M.D. By letter dated May 21, 1982, the respondent sent the Polzers a copy of the complaint in New York County Supreme Court. This complaint was never served on the defendants in the action. The respondent had only served a summons with notice.

In or about December 1984, after numerous attempts to reach the respondent by phone, the Polzers were informed by him that it would take another year and a half before a trial date would be set. At that time, the respondent advised the Polzers to call him back in May 1986. By letter dated August 14, 1986, the respondent advised Mr. Polzer that he had contacted the court and learned that there was no way a date could be given. In or about July 1986, the Polzers were advised by the respondent that he was going into New York City on business, would check on a trial date and would get back to them within seven to 10 days. The respondent failed to contact the Polzers.

Charge Three alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation. In or about April 1987, the Polzers (Charges One and Two) contacted the firm of Kantrowitz and Goldhammer regarding this matter. The Polzers requested that the respondent turn his files in this matter over to that firm. The respondent failed to do so. The respondent knew or should have known that by sending the Polzers a complaint that had never been served, in informing them that a trial date had not been set, and in failing to turn over the file in this matter, his action would serve to mislead his clients and to prevent them from learning the true status of this matter.

Charge Four alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District. On August 18, 1987, a copy of the complaint of Jacqueline Polzer was sent to the respondent, along with a letter requesting an answer within 10 days. The letter also advised the respondent that an unexcused failure to reply to the complaint constitutes professional misconduct independent of the merits of the complaint. The respondent failed to submit an answer within the 10-day time limit, but did submit an answer dated September 18, 1987 (one month after the deadline). On November 4, 1987, additional correspondence received in connection with the investigation of the Polzer complaint was sent to the respondent at the address provided in his answer dated September 18, 1987. An answer was requested within 10 days. The letter was returned by the United States Post Office, marked forwarding order expired.

On November 17, 1987, the additional correspondence and transmittal letter were again mailed to the respondent at his

home address. The respondent failed to submit any response. On July 6, 1988, the additional correspondence was re-sent to the respondent by certified mail, return receipt requested, to all three addresses. The transmittal letter instructed the respondent to submit an answer no later than July 19, 1988. All three return receipts are dated July 22, 1988. The respondent requested and received an adjournment to August 1, 1988, at which time he submitted his response to the additional correspondence.

Charge Five alleged that the respondent has neglected a legal matter entrusted to him in violation of DR 6-101 (A) (3). In or about July 1985, the respondent was retained by Thomas Capasso to initiate an action against Joseph Shannon, who had allegedly assaulted Thomas Capasso on July 4, 1985. On June 1, 1989, the respondent testified under oath at the offices of the petitioner that he had personally served a summons with notice on Joseph Shannon on July 3, 1986, at the Rockland County Sheriff's office where he was employed. No further action was taken by the respondent regarding this action. In or about August 1988, Thomas Capasso instructed the respondent to proceed. On or about June 1, 1989, the respondent testified under oath at the offices of the petitioner that there had been no appearance by anyone on behalf of Joseph Shannon. The respondent testified that he was in the process of obtaining a default judgment. The respondent has taken no material steps to pursue this action, despite being instructed to do so by Thomas Capasso in August 1988, and despite his testimony on June 1, 1989.

Charge Six alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law by failing to cooperate with an investigation of the Grievance Committee. On January 17, 1989, a copy of the complaint of Thomas Capasso was sent to the respondent, along with a request for a written answer within 10 days. The respondent was also advised that an unexcused failure to reply to the complaint constitutes professional misconduct independent of the merits of the complaint. The respondent failed to submit an answer. On February 1, 1989, a letter was sent to the respondent, again requesting that he submit a written answer to the complaint within 10 days of receipt. The letter advised that the respondent's failure to respond within 10 days would prompt the Grievance Committee to move for the respondent's immediate suspension. The return receipt is dated February 3, 1989 and is signed by the respondent. The respondent submit-

ted a written answer dated February 21, 1989, to the complaint of Thomas Capasso.

At the respondent's appearance at the offices of the petitioner on June 1, 1989, additional documents and information were requested. On September 5, 1989, a letter was sent to the respondent by certified mail, return receipt requested, requesting that the respondent submit the additional documents and information no later than September 12, 1989. The letter again advised that an unexcused failure to reply constitutes professional misconduct independent of the underlying complaint. The respondent failed to reply.

Charge Seven alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law by failing to cooperate with an investigation of the Grievance Committee. On September 24, 1987, a letter was sent to the respondent, informing him that, according to the records of the Office of Court Administration, he had failed to register pursuant to Judiciary Law § 468-a and 22 NYCRR 118.1. It was requested that the respondent send a written explanation within 10 days regarding his failure to register. The respondent failed to reply. On January 20, 1988, another letter was sent to the respondent by certified mail, return receipt requested, again requesting a response within 10 days. The return receipt is dated January 25, 1988, and was signed by the respondent. The respondent failed to reply. On September 29, 1988, another letter was sent to the respondent, requesting an explanation of his failure to register and his failure to respond within 10 days. The letter further advised that failure to reply constitutes professional misconduct independently of the merits of the underlying matter. The respondent failed to reply. On October 11, 1988, a letter was sent to the respondent by certified mail, return receipt requested, regarding his continued failure to register. The letter advised that, if the respondent failed to respond within 10 days, the Grievance Committee would move for his immediate suspension. The return receipt is dated October 13, 1988, and was signed by the respondent. A written response was finally submitted on October 23, 1988.

Charge Eight alleged that the respondent failed to register as an attorney pursuant to Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1. During the respondent's appearance at the office of the petitioner on September 7, 1988, he testified under oath that he had never been registered as an attorney pursuant to

Judiciary Law § 468-a and 22 NYCRR 118.1. The respondent did not register until May 1989.

Charge Nine alleged that the respondent engaged in conduct that adversely reflects on his fitness to practice law and conduct that is prejudicial to the administration of justice. As late as 1986, the respondent's stationery listed his business address in New York as 155 Washington Street, Tappan, New York, which housed the firm of Ramsey and O'Malley. In or about 1982, the respondent was no longer authorized to use that address. The respondent then used a post office box address, P.O. Box 74, Tappan, New York.

On September 8, 1988, the respondent testified under oath at the offices of the petitioner that he did not have any office space in New York subsequent to his arrangement with the O'Malley firm and had essentially been practicing through mail drops. On May 2, 1989, the respondent testified under oath that he had met George Sassower at the Pace Law Library and that Sassower allowed the respondent to use his facilities. The respondent later learned that Mr. Sassower had been disbarred. The respondent stated he had never been to Mr. Sassower's address and had intended to use it as a mail drop.

The respondent has failed to maintain an office for the transaction of law business within the State while practicing as an attorney in this State in violation of Judiciary Law § 470. The respondent has appeared before the Family Court, Rockland County, the Supreme Court, New York County, and the Supreme Court, Rockland County, while failing to maintain an office for the transaction of law business within the State.

Based on the evidence adduced, we find that the Special Referee properly sustained all nine charges of professional misconduct against the respondent. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent, including his prior unblemished record and the medical problems of himself and his parents. The respondent is, nevertheless, guilty of serious professional misconduct. Accordingly, he is suspended from the practice of law for a period of three years, commencing on October 1, 1992, and continuing until the further order of this court.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and COPERTINO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Dennis C. Larsen is suspended from the practice of law for a period of three years, commencing October 1, 1992, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Dennis C. Larsen is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.