■ KARA KEENAN, Appellant, v MITSUBISHI ESTATE, NEW YORK, INC., et al., Respondents. [644 NYS2d 241]

"It is the policy of the State of New York to foster the availability of a wide range of professional services by lawyers qualified to render them" (*New York Criminal & Civ. Cts. Bar Assn. v Jacoby,* 61 NY2d 130, 136). To this end, residents of adjoining States may appear as attorneys in New York courts if they are

duly admitted to the New York bar and if they maintain an "office for the transaction of law business * · * * within the [S]tate [of New York]" (Judiciary Law § 470; *see*, *Rosenshein v Ernstoff*, 176 AD2d 686).

At issue in the case at bar is whether plaintiff's counsel below satisfactorily demonstrated that his firm met the statute's criteria, specifically the requirement of the maintenance of an office in New York State. This, of course, is an inherently factual determination. Nonetheless, having afforded the IAS Court's determination the deference due, we conclude that plaintiff's counsel has adequately established compliance with Judiciary Law § 470. We note, *inter alia*, that the attorney who filed the summons and complaint on behalf of plaintiff was admitted to the Bar of this State, as were other members of the firm that employed him, and that, although the firm's principal place of business was in Hackensack, New Jersey, it had entered into a reciprocal satellite office sharing agreement with a firm located on lower Broadway in New York County. The terms of this agreement and other evidence clearly show that the firm maintained an office to engage in the "transaction of law business" in this State within the meaning of the statute.

Finally, the plaintiff's cross motion to amend the summons should have been granted, there being no prejudice to the defendants from the proposed amendment. Concur—Sullivan, J. P., Milonas, Ellerin, Williams and Mazzarelli, JJ.