■ In the Matter of RICHARD J. HAAS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [654 NYS2d 479] —Per Curiam. Respondent was admitted to practice by this Court in 1985. He presently resides in Texas.

After a hearing held on two dates in the summer of 1996, the Referee sustained six charges of professional misconduct set forth in a petition dated February 5, 1996; the Referee declined to sustain two specifications. Petitioner, the Committee on Professional Standards, moves to confirm the Referee's report. Respondent has filed a letter setting forth his objections to the motion and the report.

During the fall of 1994, respondent was moving to Texas because of his wife's health needs and was hoping to establish a dual practice in Texas and New York as well as a farm business in Central America with one of his wife's relatives. During this period, he neglected two client matters, a real estate closing and a bankruptcy, in violation of the Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [charge III, specifications 1 and 2]). He also failed to adequately advise the two clients and a client for whom he was handling a bail application of means for maintaining contact with him and of the effect of his move on their pending matters, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3 [charge IV, specifications 1, 2, and 4]). The clients' matters, and a criminal matter he was handling for a fourth client, were eventually completed by other attorneys. Despite requests therefor, respondent has failed to refund to the four clients the unused portions of moneys they paid him as retainers and for expenses, in violation of DR 1-102 (A) (5), DR 2-110 (A) (3) (22 NYCRR 1200.15), and DR 9-102 (C) (22 NYCRR 1200.46 [charge V, specifications 1 through 4]).

During the time frame of his relocation until about May 1996, respondent also violated DR 1-102 (A) (5) and (8) and DR 3-101 (B) (22 NYCRR 1200.16) by not maintaining an office for the transaction of law business in New York State as required

by Judiciary Law § 470 of nonresident attorneys appearing as attorney of record in this State's courts (charge II; *see, White Riv. Paper Co. v Ashmont Tissue*, 110 Misc 2d 373; *see also, Keenan v Mitsubishi Estate*, 228 AD2d 330; *Matter of Scarsella*, 195 AD2d 513; *Matter of Larsen*, 182 AD2d 149, *appeal dismissed* 81 NY2d 1008; *see generally*, Brennan, *Repeal Judiciary Law § 470*, 62 NY St BJ 20 [Jan. 1990]). Respondent claims he maintained an office in the home of an assistant in Sullivan County. We decline to find this office sufficient. The record does not adequately disclose the relationship between respondent and the assistant or that mail and telephone messages could be sent to the purported office with any assurance that respondent would receive them.

Although advised by petitioner in September 1995 of his duty to comply with the attorney registration requirements, respondent did not comply until May 1996, in violation of DR 1-102 (A) (5) and (8) (charge I).

Finally, respondent did not provide petitioner with the full and prompt cooperation to which it is due, in violation of DR 1-102 (A) (5) and (8) (charge VI).

In view of the all of the above, we conclude that respondent should be censured for his professional misconduct (*see, e.g., Matter of Petrolawicz*, 223 AD2d 1000). In the interest of justice, we also direct respondent to make full refunds of the moneys paid to him for retainers and expenses by the clients discussed above.

Mikoll, J. P., Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that petitioner's motion to confirm the Referee's report be and hereby is granted, except for that portion of the report which sustained specification 4 of charge III, and respondent be and hereby is found guilty of the professional misconduct set forth in the petition, except for specifications 3 and 4 of charge III and specification 3 of charge IV, which specifications be and hereby are dismissed; and it is further ordered that respondent is censured; and it is further ordered that respondent is directed to make the following refunds to his clients and to provide documentation of such refunds to petitioner within 90 days from the date of this order: $1,000 to Kenneth Kawash; $800 to Racquel Torres; $500 to Mr. and Mrs. Solan; and $1,500 to Lee LaMonte.