■ WILLIAM T. LICHTENSTEIN, Appellant, v STEVEN EMERSON, Respondent. [674 NYS2d 298] —Order, Supreme Court, New York County (Edward Lehner, J.), entered March 26, 1997, which granted defendant's motion to dismiss the complaint by reason, *inter alia*, of the circumstance that plaintiff's attorney was not, when he commenced the action on plaintiff's behalf, authorized to practice in New York State, unanimously affirmed, with costs.

Plaintiff's attorney, a resident of Washington, D.C., was properly found not to have satisfied the condition placed upon the practice of law in New York State by non-New York residents pursuant to Judiciary Law § 470, namely, that they maintain an "office for the transaction of law business * * * within the state". The motion court's essentially factual determination in this regard was amply supported by the evidence. The assertion by plaintiff that his attorney transacted legal business from a small room located in the basement of a restaurant and bar reachable only by passing through a kitchen and down a flight of stairs was most improbable. In addition, plaintiff's attorney had not reported any New York income for the past five years; he had no employees in this State; his name was not posted anywhere on the premises; there was no indication that any of the employees of the restaurant/bar had ever been instructed to accept legal papers; and the attorney had listed, both on his registration with the Office of Court Administration and on his membership forms for the Association of the Bar of the City of New York, a Washington address as his office.

Nor is there merit to plaintiff's contention that the New York office requirement of Judiciary Law § 470 violates the Privileges and Immunities Clause of the United States Constitution. It is well settled that "statutes—the enactments of a coequal branch of government—enjoy a presumption of constitutionality" (*Matter of Lunding v Tax Appeals Tribunal*, 89 NY2d 283, 287, *revd on other grounds* 522 US 287; *Matter of McGee v Korman*, 70 NY2d 225, 231) and that "[t]he drastic step of striking a statute as unconstitutional is to be taken only as a last resort" (*Matter of McGee v Korman, supra*, at 231).

Certainly, a State has an interest in ensuring that a lawyer

practicing within its boundaries is amenable to legal service and to contact by his or her client, as well as opposing and other interested parties, and a State may, therefore, reasonably require an attorney, as a condition of practicing within its jurisdiction, to maintain some genuine physical presence therein (*see, Tolchin v Supreme Ct.,* 111 F3d 1099, 1109, *cert denied* 522 US 977). The New York office requirement of Judiciary Law § 470 is, accordingly, constitutional. We need not reach plaintiff's additional contention that the subject statute impermissibly discriminates between non-resident attorneys from States adjacent to and not adjacent to New York, since plaintiff's failure to satisfy the statute's constitutionally permissible threshold requirement of a New York office renders any such distinction inconsequential in his case.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ. *[See,* 171 Misc 2d 933.]