■ ELM MANAGEMENT CORP., Respondent, v YISROEL SPRUNG, Appellant, et al., Defendant. [823 NYS2d 187]—

In an action to foreclose a mortgage, the defendant Yisroel Sprung appeals from (1) an order of the Supreme Court, Kings County (Schneir, J.), dated October 15, 2004, which granted the plaintiff's motion for a judgment of foreclosure and sale, and denied his cross motion, inter alia, to dismiss the action or, alternatively, for a hearing on the issue of whether personal jurisdiction was obtained over that defendant, and (2) an order of the same court dated February 18, 2005, which denied his motion, in effect, for leave to reargue.

Ordered that the order dated October 15, 2004 is reversed, on

the law, without costs or disbursements, that branch of the cross motion which was for a hearing is granted, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether personal jurisdiction was obtained over the defendant Yisroel Sprung, and thereafter for a new determination of the motion and the remaining branches of the cross motion.

Ordered that the appeal from the order dated February 18, 2005 is dismissed, without costs or disbursements, as no appeal lies from an order denying a motion, in effect, for leave to reargue (*see Munz v La Guardia Hosp.*, 109 AD2d 731 [1985]).

The defendant Yisroel Sprung (hereinafter the defendant) moved to dismiss the complaint on the grounds that it is a nullity because it was filed by an attorney who failed to maintain a bona fide office within the State of New York, and on the further ground that he was never personally served with the complaint. Although the plaintiff failed to submit any evidence in admissible form to rebut the defendant's initial showing of its counsel's noncompliance with the requirements of Judiciary Law § 470, the noncompliance by the plaintiff's counsel with the Judiciary Law did not provide a basis for the defendant to have the complaint against him dismissed. As a general rule, the fact that a party has been represented by a person who was not authorized or admitted to practice law under the Judiciary Law—whether a disbarred attorney or a person practicing law without a license—does not create a "nullity" or render all prior proceedings void per se (*see Dunn v Eickhoff*, 35 NY2d 698, 699 [1974], *affg* 43 AD2d 580 [1973]; *Matter of Lackas*, 65 AD2d 800, 800 [1978]). The same principle should apply when a party is represented by an attorney who, although a member in good standing of the bar of the State of New York, has failed to demonstrate compliance with Judiciary Law § 470. Accordingly, the defendant may not take advantage of the plaintiff's counsel's noncompliance with the Judiciary Law and, by the same token, the plaintiff will be held bound by acts taken on its behalf by its unauthorized attorney, unless it demonstrates at a hearing that it suffered prejudice as a result of being represented by an unauthorized attorney (*see Dunn v Eickhoff, supra; Matter of Lackas, supra; contra Lichtenstein v Emerson*, 171 Misc 2d 933 [1997], *affd* 251 AD2d 64 [1998]). In any event, the plaintiff has retained and is represented by an attorney with a bona fide office in the State of New York.

With respect to that branch of the defendant's motion which was to dismiss the complaint on jurisdictional grounds, the defendant's sworn denial of receipt of process was sufficient to

rebut the proffered affidavit of service and the plaintiff, therefore, was required to establish personal jurisdiction by a preponderance of the evidence at a hearing (*see Schwerner v Sagonas,* 28 AD3d 468 [2006]; *Bankers Trust Co. of Cal. v Tsoukas,* 303 AD2d 343, 343-344 [2003]; *Kingsland Group v Pose,* 296 AD2d 440 [2002]). It is "axiomatic that the failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (*McMullen v Arnone,* 79 AD2d 496, 499 [1981]). Accordingly, the Supreme Court erred in determining the plaintiff's motion before resolving the threshold issue of jurisdiction (*see Pena v Mittleman,* 179 AD2d 607 [1992]).

In light of this determination, we do not reach the defendant's remaining contentions. Prudenti, P.J., Adams, Rivera and Lifson, JJ., concur.