■ EMPIRE HEALTHCHOICE ASSURANCE, INC., Doing Business as EMPIRE BLUE CROSS BLUE SHIELD, Appellant, v WALTER LESTER, D.C., et al., Respondents. [918 NYS2d 68]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 29, 2010, which, upon granting plaintiff's motion pursuant to Judiciary Law § 470 to strike the answer, denied plaintiff's motion for entry of judgment in its favor, with leave to renew after proper service of an answer, and granted defendants' cross motion seeking an order compelling plaintiff to accept their answer, unanimously affirmed, with costs.

Judiciary Law § 470 requires an attorney admitted to practice in New York who is not a New York resident to maintain an office in this state for the practice of law (*see Kinder Morgan Energy Partners, LP v Ace Am. Ins. Co.*, 51 AD3d 580 [2008]; *Lechtenstein v Emerson*, 251 AD2d 64 [1998]). Failure of counsel to maintain a local office requires striking of a pleading served by such attorney, without prejudice (*see Kinder Morgan*, 51 AD3d at 580; *Neal v Energy Transp. Group*, 296 AD2d 339 [2002]). Thus the court was correct in striking defendants' answer.

The court also properly granted defendants' cross motion pursuant to CPLR 3012 (d) for an extension of time to answer (*Nason v Fisher*, 309 AD2d 526 [2003]). Plaintiff's contention that Judiciary Law § 470 barred the motion court from extending defendant's time to answer is incorrect, since the striking of a pleading under that statute is without prejudice (*see Kinder Morgan*, 51 AD3d at 580; *Neal v Energy Transp. Group*, 296 AD2d at 339). Defendants' delay in serving a proper answer was short and the defect in the original answer was attributable to law office failure by defendants' original attorney. Plaintiff was not prejudiced by any delay because the original defective answer was timely served (*see Gazes v Bennett*, 70 AD3d 579 [2010]). Defendants were not required to demonstrate a meritorious defense in order to be granted relief under CPLR 3012 (d) (*see Nason*, 309 AD2d at 526; *DeMarco v Wyndham Intl.*, 299 AD2d 209 [2002]; *Mufalli v Ford Motor Co.*, 105 AD2d 642 [1984]). Concur—Mazzarelli, J.P., Andrias, Catterson, Moskowitz and Román, JJ.