This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------
No. 39
Ekaterina Schoenefeld,
        Respondent,
      v.
State of New York, et al.,
        Defendants,
Eric T. Schneiderman &c., et al.,
        Appellants.

        Laura Etlinger, for appellants.
        Ekaterina Schoenefeld, pro se.
        Michael H. Ansell et al.; Ronald McGuire, amici curiae.

LIPPMAN, Chief Judge:

        In this case, the United States Court of Appeals for

the Second Circuit has asked us to set forth the minimum

requirements necessary to satisfy the statutory directive that

- 1 -

nonresident attorneys maintain an office within the State "for the transaction of law business" under Judiciary Law § 470.  We hold that the statute requires nonresident attorneys to maintain a physical office in New York.

Plaintiff Ekaterina Schoenefeld is a New Jersey resident who was admitted to the practice of law in New York in 2006.  Schoenefeld is also admitted to practice in New Jersey and maintains her only law office in Princeton.  According to the complaint, in 2007, Schoenefeld attended a continuing legal education class entitled Starting Your Own Practice, which was offered by the New York State Bar Association in New York City.  There, she learned of the statutory requirement that nonresident attorneys must maintain an office within New York in order to practice in this State.  Specifically, under Judiciary Law § 470, "[a] person, regularly admitted to practice as an attorney and counsellor, in the courts of record of this state, whose office for the transaction of law business is within the state, may practice as such attorney or counsellor, although he resides in an adjoining state."

Schoenefeld commenced this action in federal district court in July 2008, alleging that Judiciary Law § 470 was unconstitutional on its face and as applied to nonresident attorneys in violation of the Privileges and Immunities Clause of

the United States Constitution (US Const, art IV, § 2).[1]  She alleged that she was unable to practice in the State, despite her compliance with all admission requirements, because she does not maintain an office in New York.  She further maintained that there was no substantial state interest served by the office requirement, which was not applicable to New York resident attorneys.

The district court granted plaintiff's motion for summary judgment and held that section 470 violated the Privileges and Immunities Clause (see Schoenefeld v New York, 907 F Supp 2d 252, 266 [ND NY 2011]).  The court determined that the office requirement implicated nonresident attorneys' fundamental right to practice law.  The court then rejected the state interests proffered by defendants as insubstantial and found that, in any event, the statute did not bear a substantial relationship to the interests asserted as there were less restrictive means of accomplishing those interests.

The Second Circuit determined that the constitutionality of the statute was dependent upon the interpretation of law office requirement (see Schoenefeld v New

---

[1] This action was initially commenced in the Southern District of New York.  That court granted defendants' motion to transfer venue to the Northern District.  The Northern District then granted, in part, defendants' motion to dismiss the amended complaint by dismissing the action as against certain named defendants and by dismissing plaintiff's Commerce Clause and Equal Protection claims.

York, 748 F3d 464, 467 [2d Cir 2014]).  The court observed that
the requirements that must be met by nonresident attorneys in
order to practice law in New York reflect an important state
interest and implicate significant policy issues.  The court
therefore certified the following question for our review: "Under
New York Judiciary Law § 470, which mandates that a nonresident
attorney maintain an 'office for the transaction of law business'
within the state of New York, what are the minimum requirements
necessary to satisfy that mandate?" (Schoenefeld, 748 F3d at
471).  We accepted certification (23 NY3d 941 [2014]) and, as
noted above, we interpret the statute as requiring nonresident
attorneys to maintain a physical law office within the State.

It is well settled that, where the language of a
statute is clear, it should be construed according to its plain
terms (see Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 107
[1997]).  We have also held that "no rule of construction gives
the court discretion to declare the intent of the law when the
words are unequivocal" (Raritan, 91 NY2d at 107 [quotation marks,
citation and emphasis omitted]).

Here, the statute appears to presuppose a residency
requirement for the practice of law in New York State.  It then
makes an exception, by allowing nonresident attorneys to practice
law if they keep an "office for the transaction of law business"

in this State.[2]  By its plain terms, then, the statute requires
nonresident attorneys practicing in New York to maintain a
physical law office here.

However, recognizing that there may be a constitutional
flaw if the statute is interpreted as written, defendants urge us
to construe the statute narrowly in accordance with the doctrine
of constitutional avoidance (see Overstock.com, Inc. v New York
State Dept. of Taxation & Fin., 20 NY3d 586, 593 [2013] ["courts
must avoid, if possible, interpreting a presumptively valid
statute in a way that will needlessly render it
unconstitutional"]).  In particular, they suggest that the
provision can be read merely to require nonresident attorneys to
have some type of physical presence for the receipt of service --
either an address or the appointment of an agent within the
State.  They maintain that interpreting the statute in this way
would generally fulfill the legislative purpose and would
ultimately withstand constitutional scrutiny.

The statute itself is silent regarding the issue of
service.  When the statute was initially enacted in 1862,
however, it did contain a service provision.  At that time, it

---

[2] The Appellate Division Departments have not limited the
application of the statute to residents of adjoining states, but
have applied it to nonresident attorneys in general (see e.g.
Lichtenstein v Emerson, 251 AD2d 64 [1st Dept 1998]; Matter of
Haas, 237 AD2d 729 [3d Dept 1997]).  We accept that
interpretation, which is not contested by the parties, for the
purposes of this certified question.

essentially required that an attorney who maintained an office in New York, but lived in an adjoining state, could practice in this State's courts and that service, which could ordinarily be made upon a New York attorney at his residence, could be made upon the nonresident attorney through mail addressed to his office (see Act of March 22, 1862, ch 42, 1862 NY Laws 139).  Upon the enactment of the Code of Civil Procedure in 1877, the provision was codified at section 60 of the Code.  In 1909, the provision was divided into two parts -- a service provision, which remained at section 60 of the Code, and a law office requirement, which became section 470 of the Judiciary Law.  Notably, after we invalidated a New York residency requirement for attorneys in Matter of Gordon (48 NY2d 266 [1979]) the legislature amended several provisions of the Judiciary Law and the CPLR to conform to that holding (L 1985, ch 226).  Section 470, however, was not one of the provisions amended and has remained virtually unchanged since 1909.

Even assuming the service requirement had not been expressly severed from the statute, it would be difficult to interpret the office requirement as defendants suggest.  As the Second Circuit pointed out, even if one wanted to interpret the term "office" loosely to mean someplace that an attorney can receive service, the additional phrase "for the transaction of law business" makes this interpretation much less plausible.  Indeed, the Appellate Division departments have generally

interpreted the statute as requiring a nonresident attorney to maintain a physical office space (see Lichtenstein, 251 AD2d 64; Haas, 237 AD2d 729; Matter of Larsen, 182 AD2d 149 [2d Dept 1992]).  Defendants' proffered interpretation, on the other hand, finds no support in the wording of the provision and would require us to take the impermissible step of rewriting the statute (see Matter of Wood v Irving, 85 NY2d 238, 245 [1995]).

The State does have an interest in ensuring that personal service can be accomplished on nonresident attorneys admitted to practice here.  However, it is clear that service on an out-of-state individual presented many more logistical difficulties in 1862, when the provision was originally enacted. The CPLR currently authorizes several means of service upon a nonresident attorney, including mail, overnight delivery, fax and (where permitted) email (see CPLR 2103 [b]).  Under our own Court rules, the admission of attorneys who neither reside nor have full-time employment in the State is conditioned upon designating the clerk of the Appellate Division in their department of admission as their agent for the service of process for actions or proceedings brought against them relating to legal services offered or rendered (see Rules of the Court of Appeals [22 NYCRR] § 520.13 [a]).  Therefore, there would appear to be adequate measures in place relating to service upon nonresident attorneys and, of course, the legislature always remains free to take any additional action deemed necessary.

Accordingly, the certified question should be answered in accordance with this opinion.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.27 of this Court's Rules of Practice, and after hearing argument by counsel for the parties and consideration of the briefs and record submitted, certified question answered in accordance with the opinion herein. Opinion by Chief Judge Lippman. Judges Read, Pigott, Rivera, Abdus-Salaam and Fahey concur. Judge Stein took no part.

Decided March 31, 2015