■ JOSHUA G. STEGEMANN, Appellant, v RENSSELAER COUNTY SHERIFF'S OFFICE et al., Respondents, et al., Defendants. [61 NYS3d 696]—

Applications by Abigail Fee and David Lawless for nunc pro tunc waivers of Judiciary Law § 470.

Abigail Fee, an Assistant Attorney General in Massachusetts, is counsel for eight of the instant defendants, including defendants Massachusetts State Police, the Berkshire County Sheriff's Office and the Berkshire County District Attorney's Office. David Lawless, a private attorney in Massachusetts, is counsel for six other defendants, including the City of Pittsfield and the Pittsfield Police Department. It is undisputed that both Fee and Lawless are admitted to practice law in New York, but that they do not maintain physical law offices in this state. Fee and Lawless acknowledge that their failure to maintain a law office in New York precludes them from practicing here pursuant to Judiciary Law § 470. In light of this, they each seek nunc pro tunc waivers of the law office requirement of Judiciary Law § 470 to enable them to practice before this Court. Plaintiff opposes the applications and contends that all of the work performed by Fee and Lawless throughout this action must be declared void from the beginning.

Judiciary Law § 470 provides that "[a] person, regularly admitted to practice as an attorney and counsellor, in the courts of record of this state, whose office for the transaction of law business is within the state, may practice as such attorney or

counsellor, although he [or she] resides in an adjoining state."
Recently, the United States Court of Appeals for the Second
Circuit certified a question to the New York Court of Appeals
regarding what the "minimum requirements" are for a nonresi-
dent attorney seeking to practice in New York to satisfy the
law office requirement of section 470 (*Schoenefeld v New York*,
748 F3d 464, 471 [2d Cir 2014]). In response, the Court of Ap-
peals held that, "[b]y its plain terms, . . . [Judiciary Law § 470]
requires nonresident attorneys practicing in New York to
maintain a physical law office here" (*Schoenefeld v State of
New York*, 25 NY3d 22, 27 [2015]).

Against this backdrop, we consider whether Judiciary Law
§ 470 provides an avenue for nonresident attorneys, such as
Fee and Lawless, to obtain a waiver of the law office require-
ment. In addressing this question, we are guided by the well-
settled principle of statutory construction "that courts are
obliged to interpret a statute to effectuate the intent of the
Legislature, and when the statutory language is clear and
unambiguous, it should be construed so as to give effect to the
plain meaning of the words used" (*Matter of Capital Siding &
Constr., LLC [Alltek Energy Sys., Inc.]*, 138 AD3d 1265, 1266
[2016] [internal quotation marks and citations omitted], *lv
denied* 27 NY3d 911 [2016]; *see Matter of Raynor v Landmark
Chrysler*, 18 NY3d 48, 56 [2011]; *Majewski v Broadalbin-Perth
Cent. School Dist.*, 91 NY2d 577, 583 [1998]). It is the function
of the courts " 'to enforce statutes, not to usurp the power of
legislation, and to . . . engraft exceptions where none exist [is
a] trespass[ ] by a court upon the legislative domain' " (*Matter
of Anonymous v Molik*, 141 AD3d 162, 168 [2016], *lv granted*
29 NY3d 902 [2017], quoting McKinney's Cons Laws of NY,
Book 1, Statutes § 76, Comment at 168). Moreover, it is well
settled that "the remedy for a harsh law is not in strained in-
terpretation by the [J]udiciary, but rather its amendment or
repeal by the Legislature" (*Finger Lakes Racing Assn. v New
York State Racing & Wagering Bd.*, 45 NY2d 471, 480 [1978];
*accord Matter of Anonymous v Molik*, 141 AD3d at 169; *Matter
of County of Albany v Hudson Riv.-Black Riv. Regulating Dist.*,
97 AD3d 61, 73 [2012], *lv denied* 19 NY3d 816 [2012]).

Upon our review of Judiciary Law § 470, we find that it un-
ambiguously provides, without exception, that a prerequisite
for a nonresident attorney to practice law in this state is that
he or she maintain a physical law office here. In our view, Fee's
and Lawless' requests for a waiver of the clear mandate of Ju-
diciary Law § 470 "finds no support in the wording of the pro-
vision and would require us to take the impermissible step of

rewriting the statute" (*Schoenefeld v State of New York*, 25 NY3d at 28). In addition to holding that no statutory authority exists for granting the waivers, we also find that creating an avenue for nonresident attorneys to obtain a waiver of the law office requirement would amount to the type of rulemaking reserved for the Court of Appeals (*see generally* Judiciary Law § 53). Accordingly, Fee's and Lawless' applications are denied.

Finally, we reject plaintiff's contention that all of the work performed by Fee and Lawless in this action should be declared void from the beginning. In reaching this conclusion, we adopt the Second Department's reasoning in *Elm Mgt. Corp. v Sprung* (33 AD3d 753 [2006]) that "the fact that a party has been represented by a person who was not authorized or admitted to practice law under the Judiciary Law . . . does not create a 'nullity' or render all prior proceedings void per se" (*id.* at 754; *see Sovereign Bank v Calderone*, 84 AD3d 778, 779 [2011], *lv dismissed* 17 NY3d 849 [2011]; *cf. Matter of Jenkins Covington, N.Y. v Tax Appeals Trib.*, 195 AD2d 625, 627 [1993], *lv denied* 82 NY2d 664 [1994]), and we note our disagreement with the First Department's cases holding to the contrary (*see Webb v Greater N.Y. Auto. Dealers Assn., Inc.*, 93 AD3d 561, 561 [2012]; *Empire HealthChoice Assur., Inc. v Lester*, 81 AD3d 570, 571 [2011]; *Neal v Energy Transp. Group*, 296 AD2d 339, 339 [2002]).

Ordered that the applications are denied, without costs, defendants Berkshire County Sheriff's Office, Thomas Bowler, Scott Colbert, Massachusetts State Police, David Brian Foley, Berkshire County District Attorney's Office, David F. Capeless, Richard Locke, Pittsfield Police Department, City of Pittsfield, Michael Wynn, Tyrone Price, John Mazzeo, Glenn F. Decker and Glenn Civello shall, within 30 days of the date of this Court's decision, cause to be served and filed with this Court an application for admission pro hac vice by appropriate counsel or a notice of appearance upon the appeals by new counsel; if such counsel have not previously appeared in these matters, such counsel shall file and serve within 15 days following notification thereof either a new responding brief or a statement adopting the brief previously submitted, and, in the event that a new responding brief is submitted, plaintiff may, within 10 days following service upon him of the later of each new brief or statement, file and serve a supplemental reply brief; and the appeals are removed from the September 2017 term of this Court and are rescheduled for the October 2017 term.

Peters, P.J., Garry, Rose, Aarons and Rumsey, JJ., concur.