■ ARROWHEAD CAPITAL FINANCE, LTD., Appellant, v CHEYNE SPECIALTY FINANCE FUND L.P. et al., Respondents. [62 NYS3d 339]—

Judgment, New York County (Shirley Werner Kornreich, J.), entered August 12, 2016, dismissing the complaint with prejudice as against defendant Cheyne Specialty Finance Fund General Partner and without prejudice as against defendant Cheyne Specialty Finance Fund, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered on or about August 10, 2016, and on or about July 22, 2016, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The record supports the court's determination that plaintiff's counsel failed to maintain an in-state office at the time he commenced this action, in violation of Judiciary Law § 470 (*see e.g. Webb v Greater N.Y. Auto. Dealers Assn., Inc.*, 93 AD3d 561 [1st Dept 2012]). Plaintiff's subsequent retention of cocounsel with an in-state office did not cure the violation, since the commencement of the action in violation of Judiciary Law § 470 was a nullity (*Neal v Energy Transp. Group*, 296 AD2d 339 [1st Dept 2002]). The court properly permitted defendants to make a second dispositive motion to dismiss since at the time of the first motion defendants had no reason to suspect that plaintiff's counsel may have violated Judiciary Law § 470 (*see e.g. Lemberg v Blair Communications*, 258 AD2d 291 [1st Dept

1999]; *see also generally Barbarito v Zahavi*, 107 AD3d 416, 420 [1st Dept 2013]; *Ultramar Energy v Chase Manhattan Bank*, 191 AD2d 86 [1st Dept 1993]).

Defendants did not waive their right to argue that plaintiff's counsel violated Judiciary Law § 470 (*see* CPLR 3211 [e]). Contrary to plaintiff's contention, the court properly considered evidence submitted in defendants' reply papers that was responsive to plaintiff's claims in opposition to defendants' motion. Contrary to defendants' further contention, the court was not bound by the holding of a federal district court at the time of the commencement of this action that Judiciary Law § 470 was unconstitutional (*see generally Sue/Perior Concrete & Paving, Inc. v Lewiston Golf Course Corp.*, 24 NY3d 538, 551 [2014]).

The court correctly dismissed the breach of trust claim as duplicative of the breach of fiduciary duty claim, and correctly dismissed the action with prejudice as against Cheyne Specialty Finance Fund General Partner (GP), since the complaint contains no factual allegations of wrongdoing against GP.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Richter, Andrias, Gesmer and Singh, JJ.