Law Office of Angela Barker, LLC, Plaintiff-Respondent, 
against
June Broxton, Defendant-Appellant.



Defendant appeals from an order of the Civil Court of the City of New York, New York County (Carol R. Sharpe, J.), dated February 5, 2018, which denied her motion to dismiss the complaint and granted plaintiff's cross-motion to seal an investigator's report.




Per Curiam.
Order (Carol R. Sharpe, J.), dated February 5, 2018, reversed, with $10 costs, the complaint dismissed without prejudice to the commencement of a proper action, the sealing order vacated and the matter remanded for further proceedings consistent herewith.
Judiciary Law § 470, which recognizes a nonresident attorney's right to practice law in New York, requires such attorney to maintain a physical office in this state for such purpose (see Schoenefeld v State of New York, 25 NY3d 22, 27 [2015] ["By its plain terms, ... the statute requires nonresident attorneys practicing in New York to maintain a physical law office here"]; Lichtenstein v Emerson, 251 AD2d 64, 65 [1998] ["a State may ... reasonably require an attorney, as a condition of practicing within its jurisdiction, to maintain some genuine physical presence therein"]). Plaintiff's counsel's use of a "virtual office" at a specified New York City address, instead of maintaining a physical office for the practice of law within New York at the time the action was commenced, was a violation of Judiciary Law § 470, and requires dismissal of the underlying action (see Arrowhead Capital Fin., Ltd. v Cheyne Specialty Fin. Fund L.P., 154 AD3d 523 [2017], lv granted 30 NY3d 909 [2018]; Webb v Greater NY Auto. Dealers Assn., Inc., 93 AD3d 561 [2012]; Empire HealthChoice Assur., Inc. v Lester, 81 AD3d 570, 571 [2011]; Kinder Morgan Energy Partners, LP v Ace Am. Ins. Co., 51 AD3d 580 [2008]). The term "office" as contained in section 470 "implies more than just an address or an agent appointed to receive process ... [a]nd the statutory language that modifies "office" — "for the transaction of law business" — may further narrow the scope of permissible constructions" (Schoenefeld v New York, 748 F3d 464, 469 [2d Cir 2014]; see Schoenefeld v State of New York, 25 NY3d at 28).
Turning to plaintiff's cross motion, 22 NYCRR 216.1(a) provides that courts shall not seal court records except upon a written finding of good cause. The rule also requires courts to consider the interests of the public as well as the parties in determining whether good cause has been shown (id.). "The presumption of the benefit of public access to court proceedings takes [*2]precedence, and sealing of court papers is permitted only to serve compelling objectives, such as when the need for secrecy outweighs the public's right to access, e.g., in the case of trade secrets" (Applehead Pictures LLC v Perelman, 80 AD3d 181, 191-192 [2010]). In the instant case, Civil Court failed to specify in detail the grounds underlying any finding of "good cause" for the sealing of all or part of the investigator's report annexed to defendant's motion, but not part of the record on appeal. We therefore remand for a de novo determination on the issue (see Danco Labs. v Chemical Works of Gedeon Richter, 256 AD2d 62 [1998]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 11, 2018