# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 4
Arrowhead Capital Finance, Ltd.,
     Appellant,
    v.
Cheyne Specialty Finance Fund L.P.,
et al.,
     Respondents.

Barry L. Goldin, for appellant.
Shaimaa Hussein, for respondents.

GARCIA, J.:

Nonresident attorneys admitted in New York must maintain a physical office in the State in order to practice law in New York (see Judiciary Law § 470; Schoenefeld v State, 25 NY3d 22, 25 [2015]). However, failure by a nonresident attorney to comply with this

- 1 -

requirement at the time a complaint is filed does not render that filing a nullity and, therefore, dismissal of the action is not required.  Accordingly, we reverse.

In 2006, the predecessor in interest of plaintiff Arrowhead Capital Finance, Ltd. ("Arrowhead") and defendant Cheyne Specialty Finance Fund L.P. ("Cheyne LP") entered into a financing agreement with a group of borrowers.  Pursuant to this agreement, Cheyne LP, as senior lender, held a secured term loan note and Arrowhead held a subordinated note, with both notes secured by certain collateral to be held in trust by Cheyne LP.  The borrowers defaulted on the subordinated note and Arrowhead sued, eventually obtaining a judgment against the borrowers for approximately $2.5 million (see Arrowhead Capital Finance, Ltd. v Seven Arts Pictures PLC, 36 Misc 3d 1205[A], Slip Op 51195[U] [Sup Ct, NY County 2012], affd 110 AD3d 514 [1st Dept 2013]).

Unable to recover on its judgment, Arrowhead brought this action against Cheyne LP and its general partner, defendant Cheyne Specialty Finance General Partner, Inc. ("Cheyne GP"), based on allegations that defendants failed to protect the collateral securing Arrowhead's subordinated note, thus depriving Arrowhead of its security for repayment. The complaint was signed and filed by Arrowhead's counsel, an attorney admitted in New York, and listed business addresses in both Pennsylvania and Manhattan.  Defendants moved to dismiss the complaint for, among other reasons, failure to state a claim.  Supreme Court granted defendants' motion in part, dismissing all claims against Cheyne GP and certain claims against Cheyne LP.

While this motion was pending, defendants informed Supreme Court that it appeared plaintiff's counsel did not maintain a physical office in New York in violation of Judiciary Law § 470. Supreme Court permitted defendants to file a second motion to dismiss based on the alleged section 470 violation. That same day, separate New York counsel entered a notice of appearance on Arrowhead's behalf.

Supreme Court granted the second motion and dismissed the remaining claims against Cheyne LP without prejudice, finding that plaintiff's counsel resided in Pennsylvania and there was "no evidence that [he] maintained an office or a phone in New York when [the] action was filed."[1] On appeal, the Appellate Division unanimously affirmed, holding that "the commencement of the action in violation of Judiciary Law § 470 was a nullity" and that "subsequent retention of co-counsel with an in-state office did not cure the violation" (154 AD3d 523, 523 [1st Dept 2017]). The Appellate Division also affirmed the dismissal of the complaint, with prejudice, as against Cheyne GP.

Arrowhead then sought "permission to appeal . . . *to the extent that* the Appellate Division failed to reverse and remand the Order and Judgment of the Supreme Court dismissing [its] Complaint as a 'nullity' for [the] purported failure of plaintiff's attorney to satisfy the 'office' requirement of Judiciary Law § 470 and rejecting cure thereof" (emphasis added). This Court granted leave to appeal (30 NY3d 909 [2018]). Despite the purported limitation in its motion papers, on appeal, Arrowhead also challenges the dismissal of the complaint as against Cheyne GP. Defendants filed a motion to strike that

---

[1] The factual determination made by Supreme Court is not at issue on appeal.

portion of Arrowhead's brief, asserting that plaintiff only sought permission to appeal the section 470 issue.

An attorney who is "regularly admitted to practice as an attorney and counsellor, in the courts of record of this state, whose office for the transaction of law business is within the state, may practice as such attorney or counsellor, although [ ] resid[ing] in an adjoining state" (Judiciary Law § 470). This statute, first enacted in 1862, requires that nonresident attorneys maintain a physical office in New York in order to practice law here (Schoenefeld, 25 NY3d at 25, 27). Whether an action, such as filing a complaint, taken by a lawyer duly admitted to the bar of this State but without the required New York office, is a "nullity" is an issue of first impression for this Court. Arrowhead contends that this Court's holding in Dunn v Eickhoff, that "[t]he disbarment of a lawyer creates no 'nullities,' the person involved simply loses all license to practice law," is dispositive (35 NY2d 698, 699 [1974]). If an action of a disbarred lawyer is not a nullity, Arrowhead argues, neither is an action taken by a duly admitted attorney who fails to maintain a physical office in New York. This is essentially the approach taken by the Second and Third Departments, which have expressly rejected the nullity rule (see Elm Mtg. Corp. v Sprung, 33 AD3d 753, 754 [2d Dept 2006]; Stegemann v Rensselaer County Sheriff's Off., 153 AD3d 1053, 1055 [3d Dept 2017]). These courts, relying on our holding in Dunn, have extrapolated "a general rule," namely, given that representation of a party "by a person who was not authorized or admitted to practice law under the Judiciary Law – whether a disbarred attorney or a person practicing law without a license – does not create a 'nullity'

or render all prior proceedings void per se," then "[t]he same principle should apply when a party is represented by an attorney who, although a member in good standing of the Bar of State of New York, has failed to demonstrate compliance with Judiciary Law § 470" (Elm Mtg. Corp., 33 AD3d at 754). Instead, these courts have held that a party may cure a section 470 violation with the appearance of compliant counsel or an application for admission pro hac vice by appropriate counsel (see Stegemann, 153 AD3d at 1055).

Defendants counter that Dunn involved plaintiffs' affirmative use of the disbarment of their own attorney for strategic reasons and should therefore not control the present case. Instead, defendants urge us to adopt the First Department's approach, which requires that a court dismiss the complaint without prejudice after finding a section 470 violation (see Webb v Greater NY Auto. Dealers Assn., Inc., 93 AD3d 561, 561 [1st Dept 2012]; Neal v Energy Transp. Group, 296 AD2d 339, 339 [1st Dept 2002]; Lichtenstein v Emerson, 251 AD2d 64, 64 [1st Dept 1998]). Without such a deterrent, defendants argue, Judiciary Law § 470 would itself be a nullity.

We agree with the Second and Third Departments that, given our holding in Dunn, it would be incongruous to conclude that, unlike the acts of a disbarred attorney, actions taken by an attorney duly admitted to the New York bar who has not satisfied Judiciary Law § 470's office requirement are a nullity. We therefore hold that a violation of Judiciary Law § 470 does not render the actions taken by the attorney involved a nullity. Instead, the party may cure the section 470 violation with the appearance of compliant counsel or an application for admission pro hac vice by appropriate counsel (see Stegemann, 153

AD3d at 1055).  Where further relief is warranted, the trial court has discretion to consider any resulting prejudice and fashion an appropriate remedy (see Dunn, 35 NY2d at 699 [noting that plaintiffs did not assert any prejudice as a result of their attorney's disbarment]; cf. CPLR 321 [c] [detailing procedure for cure when attorney is disbarred or otherwise disabled any time before judgment]) and the individual attorney may face disciplinary action for failure to comply with the statute (see e.g. Matter of Marin, 250 AD2d 997, 998 [3d Dept 1998]; Matter of Larsen, 182 AD2d 149, 155 [2d Dept 1992]; 22 NYCRR 130-1.1 [a], [c] [3] [permitting the court to impose sanctions if it finds counsel made a false material statement]).  This approach ensures that violations are appropriately addressed without disproportionately punishing an unwitting client for an attorney's failure to comply with section 470.

Arrowhead's remaining challenge to the dismissal of the claims against Cheyne GP is beyond the scope of this appeal.  In the notice of motion, Arrowhead sought "permission to appeal . . . *to the extent that* the Appellate Division failed to reverse and remand the Order and Judgment of the Supreme Court dismissing [its] Complaint as a 'nullity' for [the] purported failure of plaintiff's attorney to satisfy the 'office' requirement of Judiciary Law § 470 and rejecting cure thereof" (emphasis added).  The issue was similarly limited in the papers accompanying its motion for leave to appeal.

"Ordinarily when the court grants a motion for leave to appeal all issues of which the court may take cognizance may be addressed by the parties" (Quain v Buzzetta Constr. Corp., 69 NY2d 376, 380 [1987]).  However, where "the party seeking leave specifically

limits the issues to be raised, it is bound thereby and may not thereafter raise other questions" because "[t]o permit otherwise necessarily disadvantages the opposing parties, who might have joined issue or even cross-moved for leave to appeal as to additional issues had adequate notice been given" (id.). Having limited the issue to be raised in its notice of motion for leave to appeal, Arrowhead may not now challenge the dismissal of claims as against Cheyne GP. Accordingly, this Court has granted the motion to strike that portion of Arrowhead's brief (Motion No. 379 [decided today]).

Accordingly, the order, insofar as appealed from, should be reversed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order, insofar as appealed from, reversed, with costs, and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein. Opinion by Judge Garcia. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Wilson and Feinman concur.

Decided February 14, 2019