Marina Dist. Dev. Co., LLC v Toledano (2019 NY Slip Op 05480)





Marina Dist. Dev. Co., LLC v Toledano


2019 NY Slip Op 05480


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Renwick, J.P., Gische, Kapnick, Singh, JJ.


9820 650230/18

[*1]Marina District Development Co., LLC, etc., Plaintiff-Appellant,
v
Raphael Toledano, Defendant-Respondent.


Josiah Knapp Law, PC, New York (Josiah Knapp of counsel), for appellant.



Order, Supreme Court, New York County (Frank P. Nervo, J.), entered June 18, 2018, which denied plaintiff's motion for summary judgment in lieu of complaint and sua sponte dismissed the action on the ground that a violation of Judiciary Law § 470 rendered it a nullity, without prejudice to the filing of a new action under a new index number in which plaintiff is represented by an attorney who may practice law in New York, unanimously reversed, on the law, without costs, the order vacated, and the matter remanded for further proceedings consistent herewith.
The court determined, on its own motion, that the action is a nullity because plaintiff's counsel was a nonresident of New York and although admitted to practice law in New York, did not maintain an office in New York State within the meaning of Judiciary Law § 470. The statute states, "A person, regularly admitted to practice as an attorney and counsellor, in the courts of record of this state, whose office for the transaction of law business is within the state, may practice as such attorney or counsellor, although he resides in an adjoining state." In Schoenefeld v State of New York (25 NY3d 22, 27 [2015]), the Court of Appeals held that "[b]y it plain terms . . . [Judiciary Law § 470] requires nonresident attorneys practicing in New York to maintain a physical law office here." The Court expressly rejected that the provision is satisfied merely because the nonresident has some type of physical presence in New York for the receipt of service by, for example, maintaining an address here or by the appointment of an agent to receive process.
Counsel claims that his participation in the Virtual Law Office Program (VLOP) at the New York City Bar Association (NYCBA) is sufficient for him to satisfy the requirement of maintaining a physical law office in New York. NYCBA's VLOP permits a subscribing attorney to use the bar association's address as a postal address, have the bar association accept mail and deliveries on behalf of the subscribing attorney, and it is authorized to accept service of process on behalf of such attorney. There is also a right to use conference rooms and facilities for subscribing attorneys to hold on site meetings and conduct work. The use of the conference room may entail additional fees.
To the extent that counsel uses the VLOP only as a mailing address and an agent authorized to accept service of process, it is insufficient to meet the physical presence requirement of Schoenefeld. While the additional services VLOP provides may well satisfy physical presence, an attorney needs to actually take advantage of those services to meet the requirements of Judiciary Law § 470. At bar, counsel does not claim that he actually uses the VLOP for anything but the delivery of mail and packages and for service of process. Although office space and conference rooms may be available to him, there is no claim that he actually uses those services. His May 2018 letter to the court was unsworn, and his accompanying proofs did not include his own sworn statement or testimony as to how he makes use of the facilities afforded by the program (cf. Reem Contr. v Altschul & Altschul, 117 AD3d 583 [1st Dept 2014] [Judiciary Law § 470 satisfied by attorney's affirmation that law firm leased New York office with a telephone, that firm partners used the office periodically, and that many of the firm's [*2]attorneys were admitted to practice in New York]; Matter of Scarsella, 195 AD2d 513 [2d Dept 1993] [statute satisfied by attorney's testimony that he maintained a desk in Manhattan office, with a telephone, shared the office with realty company, and there was a secretary available to him although not on his payroll]).
Counsel's correspondence and the papers served on his adversary and/or filed in court contradicted any physical presence in New York. His very letterhead showed a Philadelphia office and a New York office at the bar association for his PC but stated, "REPLY TO: PHILADELPHIA OFFICE," and the telephone and fax numbers feature a "215" area code.
Notwithstanding that we find that counsel is not authorized to maintain this action in New York State, we do not believe that it should have been dismissed. The Court of Appeals recently held that a nonresident attorney's failure to comply with the requirement of Judiciary Law § 470 of maintaining a physical office in New York State at the time a complaint is filed does not render the filing a nullity and therefore that dismissal of the action is not required (Arrowhead Capital Fin., Ltd. v Cheyne Specialty Fin. Fund L.P., 32 NY3d 645 [2019]). The party may cure the statutory violation with the appearance of compliant counsel or an application for admission pro hac vice by appropriate counsel (id. at 650). Accordingly, we vacate the order and remand the matter to afford plaintiff an opportunity to cure the violation.
We have considered counsel's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK