Matter of Harris (2019 NY Slip Op 53962)





Matter of Harris


2019 NY Slip Op 53962


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

PM-213-19

[*1]In the Matter of James Dey Harris, an Attorney. (Attorney Registration No. 4834214.)

Calendar Date: November 25, 2019

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


James Dey Harris, Cherry Hill, New Jersey, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
James Dey Harris was admitted to practice by this Court in 2010 and lists a business address in Cherry Hill, New Jersey with the Office of Court Administration. Harris now seeks leave to resign from the New York bar for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [a]).[FN1] The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it does not oppose Harris' application.
Upon reading Harris' affidavit sworn to October 14, 2019 and filed October 18, 2019, and upon reading the November 19, 2019 correspondence in response by the Chief Attorney for AGC, and having determined that Harris is eligible to resign for nondisciplinary reasons, we grant his application and accept his resignation.
Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that James Dey Harris' application for permission to resign is granted and his nondisciplinary resignation is accepted; and it is further
ORDERED that James Dey Harris' name is hereby stricken from the roll
of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that James Dey Harris
is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and Harris is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that James Dey Harris
shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.



Footnotes

Footnote 1: We note that Harris' stated reason for his nondisciplinary resignation stems from his inability to represent a client in New York, despite him being admitted to practice in this state since 2010. To this point, as respondent cannot satisfy the requirements of Judiciary Law § 470 insomuch as he does not maintain a physical law office in this state (see Stegemann v Rensselaer County Sheriff's Off., 153 AD3d 1053, 1054 [2017]; see also Schoenefeld v State of New York, 25 NY3d 22, 27 [2015]), the only manner in which respondent may proceed is to resign from the New York bar and thereafter seek permission to provide legal services on a temporary basis (see Rules of Court of Appeals [22 NYCRR] § 523.2).